# United States Court of Appeals
## For the First Circuit

Nos. 08-2139, 09-1742, 09-1743

SYLVIA DIFFENDERFER, on behalf of herself and as a representative
of the class herein defined; ROBERT MCCARROLL, on behalf of
himself and as a representative of the class herein defined,

Plaintiffs, Appellees/Cross-Appellants,

v.

RAMON E. GOMEZ-COLON, President of the State Electoral Commission
of Puerto Rico; WALTER VELEZ-RODRIGUEZ, Secretary of the State
Electoral Commission of the Commonwealth of Puerto Rico,

Defendants, Appellants,

GERARDO CRUZ-MALDONADO, Electoral Commissioner of Popular
Democratic Party; JUAN DALMAU-RODRIGUEZ, Electoral Commissioner
of the Puerto Rican Independence Party; NELSON ROSARIO-RODRIGUEZ,
Electoral Commissioner of the Puerto Ricans for Puerto Rico
Party; EDWIN MUNDO-RIOS, Electoral Commissioner of the New
Progressive Party; JOHN DOE,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, <u>Chief Judge</u>]

Before

Lynch, <u>Chief Judge</u>,
Torruella and Ripple[*], <u>Circuit Judges</u>.

---

[*]    Of the Seventh Circuit, sitting by designation.

Noel S. González-Miranda with whom González Miranda & González Abella PSC was on brief for appellants.

Eliezer Aldarondo Ortiz with whom Eliezer A. Aldarondo and Aldarondo & López Bras were on brief for appellees-cross-appellants.

_____

November 19, 2009

_____

**LYNCH**, **Chief Judge**.  Two issues are presented in the aftermath of a prior appeal in a civil rights case that has become moot due to legislative action.  The first is whether the underlying injunctive order the plaintiffs obtained in the district court should be vacated on remand, given the reason for mootness of the appeal.  The second is whether plaintiffs would, under these circumstances, remain entitled to the award of attorney's fees in the now moot case and, if so, whether the fees the district court awarded were reasonable.  We vacate the judgment and remand to the district court with instructions to dismiss the action, and we affirm the district court's award of attorney's fees.

Plaintiffs, a class of Puerto Rican residents who only speak English, sued members of the State Electoral Commission of Puerto Rico (Commission) under 42 U.S.C. § 1983, challenging the Commission's decision to print ballots in the November 2008 elections solely in Spanish.  The federal district court of Puerto Rico found for the plaintiffs on the merits and granted them a permanent injunction in August 2008, which compelled the Commission to print bilingual ballots in the November 2008 election.  The district court later awarded plaintiffs attorney's fees under 42 U.S.C § 1988 in the sum of $67,550.34, less than the amount requested of $122,988.75.  Defendant Ramon Gomez-Colon, who was President of the Commission at the time, appealed from both the underlying judgment and the award of attorney's fees.  Plaintiffs

-2-

have cross-appealed from the diminution of their requested award, and the appeals were consolidated.

While these cases were pending on appeal, Puerto Rico passed legislation requiring the use of bilingual ballots in all future elections, and the governor signed the legislation, which is in effect. Both parties agree this has mooted the underlying judgment.

## I.

Plaintiffs and appellees, Sylvia Diffenderfer and Robert McCarroll, are longtime Puerto Rico residents and registered voters who speak and read only English. On August 19, 2008, plaintiffs filed a putative class action suit under 42 U.S.C. § 1983 in the federal district court of Puerto Rico. They sued the President of the Commission and the four Commissioners in their individual and official capacities, arguing that the Commission's administrative decision to issue ballots for the November 2008 Puerto Rican elections only in Spanish discriminated against and effectively disenfranchised voters who only speak English.

On August 27, 2008, the district court granted plaintiffs a permanent injunction directing the Commission to immediately begin printing bilingual ballots for use in the November 2008 elections. In a written opinion issued September 2, 2008, the district court held that this relief was warranted on the grounds that the Commission's balloting policy violated the Voting Rights

Act, the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. See Diffenderfer v. Gomez-Colon, 587 F. Supp. 2d 338 (D.P.R. 2008). On September 5, 2008, Ramon Gomez-Colon, the President of the Commission, filed a notice of appeal.[1] In the meantime, the Commission complied with the injunction and used bilingual ballots in the November 2008 elections.

In April 2009, the district court awarded Diffenderfer and McCarroll attorney's fees under 42 U.S.C. § 1988 because they had prevailed before the district court on the merits of the § 1983 action. Based on the "lodestar" method, the district court awarded a total of $67,550.34 in attorney's fees and litigation costs. The plaintiffs had requested $122,988.75. This amount was reduced by the court to account for duplicative and excessive hours and to adjust for plaintiffs' practice of billing by the quarter-hour, which the district court found had produced an inflated number of billable hours. This fee was awarded only against Gomez-Colon in his official capacity as the President of the Commission. See Diffenderfer v. Gomez-Colon, 606 F. Supp. 2d 222, 225-30 (D.P.R. 2009) (initial order and judgment); 2009 WL 1140219 at *2 (D.P.R. 2009) (revised order and judgment).[2] Gomez-Colon appealed this

---

[1] Walter Velez-Rodriguez, who was Secretary of the Commission at the time, was originally a co-appellant. His appeal was voluntarily dismissed pursuant to Fed. R. App. P. 42(b) on February 5, 2009.

[2] The district court made an initial award of attorney's fees on April 1, 2009 and issued an amended order and judgment on

-4-

award on April 30, 2009, and Diffenderfer and McCarroll cross-appealed on May 7, 2009.

While these appeals were pending before this court, Puerto Rico enacted Law No. 90, which mandates that bilingual ballots will be used in all future Puerto Rican elections. Both parties agree that Law No. 90 mooted the appeal of the district court's judgment on the merits.

The parties disagree, however, as to the proper disposition of that appeal and the effect this would have upon the appeal of the attorney's fees award. Diffenderfer and McCarroll argue that we should leave the district court's judgment on the merits intact because Gomez-Colon's voluntary actions in not seeking a stay pending appeal had rendered the case moot even before Puerto Rico passed Law No. 90. They further argue that they are still entitled to attorney's fees for costs incurred in the district court litigation, even if we were to vacate the district court's judgment, because, inter alia, they obtained a favorable, material alteration in the legal relationship between the parties

---

April 24, 2009. The first order awarded $65,992.00 in attorney's fees against three of the four Commissioners, in addition to Gomez-Colon. After this initial judgment issued on April 1, 2009, Diffenderfer and McCarroll asked for reconsideration of the calculations and for inclusion of litigation costs. In a revised order on April 24, 2009, the district court accepted plaintiffs' arguments in part and revised the attorney's fee figure upwards to $67,550.34. It also imposed attorney's fees only upon Gomez-Colon in his official capacity, since, as President of the Commission, he was the only one able to represent the Commission as a whole.

before the case became moot. Finally, they argue that the district court abused its discretion in reducing plaintiffs' award of attorney's fees because of plaintiffs' practice of billing in quarter-hour increments and request that the award of attorney's fees be adjusted upwards to $82,490. Their claim for attorney's fees is limited to their work before the district court.

Gomez-Colon instead urges us to vacate the district court's judgment on the grounds that vacatur is the general rule when a case becomes moot on appeal through happenstance, for instance due to intervening legislation like Law No. 90. Gomez-Colon further argues that vacation of the underlying judgment would necessarily require reversal of the district court's disposition of attorney's fees. Plaintiffs, he asserts, cannot be considered "prevailing parties" in the district court if the district court's judgment is vacated, and the district court's award of attorney's fees should therefore be reversed. He does not argue that plaintiffs were not otherwise prevailing parties before the district court or that the fees awarded were not reasonable.

Gomez-Colon also filed motions to substitute his successor as the President of the Commission as the appellant and to consolidate the appeals of the district court's judgment on the merits and its award of attorney's fees. We granted the motion to consolidate but reserved judgment on the question of substitution of parties.

-6-

The first issue is the appropriate disposition of the appeal of the district court's judgment on the merits of plaintiffs' § 1983 action. Both parties contend, and we agree, that Law No. 90 mooted that appeal. Under that statute, the Commission must use bilingual ballots now that Puerto Rico has made bilingual ballots mandatory. Because we can no longer issue any judicial remedy capable of affecting the parties' rights, the case no longer presents a live "case or controversy" under Article III, and we lack jurisdiction to decide its merits. See City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000); Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004). We hold that the district court's judgment should be vacated because it was rendered moot by an independent, intervening act of legislation.

As a general rule, federal courts of appeals vacate the judgment below when a civil case becomes moot during the pendency of an appeal. Arizonans for Official English v. Arizona, 520 U.S. 43, 71 (1997); see also Rusco Steel Co. v. Atkinson-Kiewit, J/V, 98 F.3d 1333 (1st Cir. 1996) (per curiam). Vacatur, an equitable remedy, is ordinarily granted unless the losing party appealing the judgment was responsible for making the case unreviewable, for instance by failing to appeal or by entering into a settlement. See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 24-25 (1994); Shelby v. Superformance Int'l, Inc., 435 F.3d 42, 46

(1st Cir. 2008).  In such cases, vacatur is inappropriate because it was within that party's power to keep the controversy live and the judgment is therefore unreviewable only by choice.  Bancorp, 513 U.S. at 25.  When the losing party's voluntary action causes the case to become moot, a presumption against vacatur applies, and vacatur is appropriate only when it would serve the public interest.  Id. at 25-28.

In contrast, "[v]acatur is in order when mootness occurs through happenstance--circumstances not attributable to the parties."  Arizonans for Official English, 520 U.S. at 71.  Vacatur, unlike a reversal of the district court's judgment on the merits, does not reflect upon the underlying merits of the parties' claims, which the court no longer has jurisdiction to determine.  It is instead a remedy designed to prevent unfairness to the losing party, who would otherwise have to continue complying with an adverse judgment.  Bancorp at 25; see also Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 53-54 (1st Cir. 2002) (explaining that "vacatur is generally appropriate" when mootness results from intervening events outside the losing party's control).

We hold that this action by the legislature is a circumstance not attributable to the Commission as an individual administrative entity.  All circuits to address this issue have held that such legislation is generally considered an intervening, independent event and not voluntary action, particularly when the

governmental entity taking the appeal, as here, is not part of the legislative branch.  See, e.g., Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 194-95 (3rd Cir. 2001); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 121 (4th Cir. 2000); Nat'l Black Police Ass'n v. Dist. Ct. of Columbia, 108 F.3d 346, 351-53 (D.C. Cir. 1997).

Diffenderfer and McCarroll essentially ask us to ignore the fact that an intervening event mooted the case and deprived this court of jurisdiction over the merits of the appeal.  They argue that we should instead wade into a separate, hotly contested possible issue in the underlying case which has been rendered moot--the issue of whether the case would have been moot anyway. Specifically, they claim that the case was rendered moot by the passage of the November 2008 Puerto Rican elections and that Gomez-Colon's failure to seek a stay of the district court's injunction in September 2008 was a voluntary decision not to preserve the case for appeal.  We can find no basis for doing so.  See, e.g., Bd. of Educ. v. Nathan R., 199 F.3d 377, 381 (7th Cir. 2000) (declining to address possibility of earlier mootness when subsequent, intervening event made it impossible to grant any judicial remedy that would affect the parties' rights and vacating judgment below).[3]

---

[3]     This is not a case where the initial mootness arguably occurred during proceedings before the district court and the later mootness occurred while the case was on appeal, thereby raising questions regarding the legal effect of ancillary judgments. Cf. In re Scruggs, 392 F.3d 124, 128-30 (5th Cir. 2004) (evaluating

We accordingly vacate the district court's judgment and remand it with instructions to dismiss the action.

### III.

We turn to Gomez-Colon's appeal and plaintiffs' cross-appeal of the district court's award of attorney's fees.

A.        <u>Gomez-Colon's Appeal From the Attorney's Fees Award</u>

We review a district court's award of attorney's fees under § 1988 for an abuse of discretion, in deference to the district court's superior ability to calibrate such awards to the nuances of the case. <u>See</u> <u>Gay Officers Action League</u> v. <u>Puerto Rico</u>, 247 F.3d 288, 292 (1st Cir. 2001).

It is true that a party's interest in recouping <u>attorney's fees does not create a stake in the outcome sufficient</u> to resuscitate an otherwise moot controversy. <u>Lewis</u> v. <u>Cont'l Bank Corp.</u>, 494 U.S. 472, 480 (1990). However, even when federal courts lack jurisdiction to decide the merits of an appeal, "the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred." <u>In re Savage Indus., Inc.</u>, 43 F.3d 714, 719 n.6 (1st Cir. 1994) (quoting <u>Anderson</u> v. <u>U.S. Dep't of Health and Human Servs.</u>, 3 F.3d 1383, 1385 (10th Cir. 1993) (internal quotation marks omitted)); <u>see</u> <u>also</u>

whether case was already moot prior to decisive intervening event of mootness when date of mootness determined whether Bankruptcy Court order remained in place or whether district court had jurisdiction to reverse that order).

<u>United States</u> v. <u>Ford</u>, 650 F.2d 1141, 1143-44 (9th Cir. 1981) ("[T]he question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction.").

Under § 1988, when a plaintiff successfully pursues a civil rights action under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Generally speaking, a "prevailing party" is "one who has been awarded some relief by the court," meaning a "judicially sanctioned change in the legal relationship of the parties." <u>Buckhannon Bd. and Care Home, Inc.</u> v. <u>W. Va. Dep't of Health and Human Res.</u>, 532 U.S. 598, 603, 605 (2001); <u>see also</u> <u>Aronov</u> v. <u>Napolitano</u>, 562 F.3d 84, 89 (1st Cir. 2009) (en banc). A plaintiff who receives a favorable judgment on the merits of a claim is the classic example of a "prevailing party." <u>See, e.g.,</u> <u>Farrar</u> v. <u>Hobby</u>, 506 U.S. 103, 111-12 (1992); <u>De Jesus Nazario</u> v. <u>Morris Rodriquez</u>, 554 F.3d 196, 199-200 (1st Cir. 2009).

Gomez-Colon's lone argument on appeal is that vacatur of this judgment means that plaintiffs are no longer "prevailing parties" at any stage of the litigation.[4] Vacatur of a moot case

<hr/>

[4]  Gomez-Colon also asserts that under Local Rule 54(a), plaintiffs prematurely filed their claim for attorney's fees before the district court. He suggests that plaintiffs should have waited to apply for fees until after the disposition of this appeal. But Gomez-Colon never made this argument before the district court when

-11-

means that the initial, favorable judgment plaintiffs obtained from the district court is no longer binding law. This, Gomez-Colon claims, makes it identical in effect to a reversal of the district court's judgment on the merits. When a federal court of appeals reverses a district court's judgment on the merits in a civil rights case, it is well established that plaintiffs are no longer "prevailing parties" entitled to attorney's fees for litigation before the district court. See, e.g., Globe Newspaper Co. v. Beacon Hill Architectural Comm'n, 100 F.3d 175, 195 (1st Cir. 1996); see also Greenville Women's Clinic v. Bryant, 222 F.3d 157, 175 (4th Cir. 2000); Clark v. Twp. of Falls, 890 F.2d 625, 626-27 (3d Cir. 1989). Gomez-Colon argues that the same rule should apply to judgments vacated as moot.

We reject this argument, which misunderstands the difference between reversal on the merits and vacatur of a moot case. Reversal on the merits deprives a plaintiff of "prevailing party" status because it repudiates the favorable change in the parties' legal relationship effectuated by the district court's judgment and holds that the plaintiff was never legally entitled to such relief. In contrast, in the mootness context, a "prevailing party" is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties prior to

---

it assessed attorney's fees, even though Gomez-Colon had, at that time, already filed a notice of appeal of the underlying judgment. We therefore consider this argument waived.

-12-

the intervening act of mootness. See Buckhannon, 532 U.S. at 605; see also Grano v. Barry, 783 F.2d 1104, 1108 (D.C. Cir. 1986). Courts of appeals apply this test by looking only to what relief the district court granted and not to whether the case was rightly decided. See Ctr. for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 805-06 (9th Cir. 2009) (collecting cases).

Thus, a plaintiff cannot be a "prevailing party" when his lawsuit prompted a favorable legislative outcome but had produced no judicial decision at the time the legislation mooted the case. See Buckhannon, 532 U.S. at 605. Similarly, a party is not a "prevailing party" at the appeals stage, entitled to attorney's fees for the cost of appellate litigation, if the case becomes moot pending appeal. See Lewis, 494 U.S. at 483. But the Supreme Court has explicitly left open the question presented in this case, observing that "[w]hether [a plaintiff] can be deemed a 'prevailing party' in the District Court, even though its judgment was mooted after being rendered but before the losing party could challenge its validity on appeal, is a question of some difficulty." Id.

We agree the question is difficult, but we must decide it. Numerous circuits have held both before and after Lewis that an award of fees is within the discretion of the district court. We agree. When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still "prevailing

-13-

parties" for the purposes of attorney's fees for the district court litigation. See, e.g., UFO Chuting of Haw., Inc. v. Smith, 508 F.3d 1189, 1197 & n.8 (9th Cir. 2007) (noting that when a party successfully obtains an injunction before a district court prior to an intervening act of mootness, that party remains the "prevailing party," and that this conclusion is consistent with Lewis); Dahlem v. Bd. of Educ., 901 F.2d 1508, 1512-13 (10th Cir. 1990) (listing cases and holding that "[w]e are in accord with the courts which have held that a party which achieves the objective of its suit by means of an injunction issued by the district court is a prevailing party in that court, notwithstanding the fact that the case becomes moot . . . while the order is on appeal") (footnote omitted); Palmer v. City of Chicago, 806 F.2d 1316, 1321 (7th Cir. 1986) (assuming though not holding that plaintiffs are "prevailing parties" "if after some relief has been obtained the case becomes moot," unless the plaintiffs caused the mootness); Grano, 783 F.2d at 1109 ("The mootness of the subsequent appeal of that holding following the actual election and the passage of the initiative, emphasizes, rather than detracts from, the practical substance of their victory.").

We hold that Diffenderfer and McCarroll were "prevailing parties" entitled to attorney's fees for the costs of the district court litigation notwithstanding the subsequent mootness. They not only obtained the injunctive relief they sought. They also

obtained the desired practical outcome of their suit through the operation of that injunction: the Commission in fact distributed bilingual ballots in the November 2008 elections.[5] Plaintiffs were "prevailing parties" in this litigation at the district court before Law No. 90 made the appeal moot.

We recognize that the defendant did not have the chance to seek to reverse the court's injunction on appeal on the ground that it was based on an error of law. In the end, this is a question of what Congress would have intended under the circumstances. Congress's overarching purposes in enacting § 1988, the Supreme Court has held, were "to ensure 'effective access to the judicial process' for persons with civil rights grievances," Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, at 1 (1976)), and to "encourag[e] the enforcement of federal law through lawsuits filed by private persons," Missouri v. Jenkins by Agyei, 491 U.S. 274, 283 n.6 (1989) (internal quotation marks omitted). The award of attorney's fees serves this purpose

---

[5]     We reject Diffenderfer and McCarroll's alternate theory, that they were prevailing parties under § 1988 because their lawsuit formed the impetus for Law No. 90 and therefore provided them with the real-world change their lawsuit was designed to achieve. The Supreme Court squarely rejected this "catalyst theory" of "prevailing party" status in Buckhannon. 532 U.S. at 605. Sole v. Wyner, 551 U.S. 74 (2007), did not alter that conclusion; it was concerned with the question of whether a preliminary injunction that was dissolved by a subsequent final decision in the same case was enough to create "prevailing party" status, and its "consistency" with the majority and dissenting opinions in Buckhannon did not challenge the validity of the majority's holding. Id. at 82 n.3.

because it corrects a defect Congress identified in the market: "[T]he private market for legal services failed to provide many victims of civil rights violations with effective access to the judicial process" because "[t]hese victims ordinarily cannot afford to purchase legal services at the rates set out by the private market" and because the amount of damages in most civil rights suits is ordinarily too low to otherwise cover the cost of a lawyer. City of Riverside v. Rivera, 477 U.S. 561, 576-77 (1986).

To hold that mootness of a case pending appeal inherently deprives plaintiffs of their status as "prevailing parties" would detract from § 1988's purposes. Such a rule could result in disincentives for attorneys to bring civil rights actions when an event outside the parties' control might moot the case after the district court rendered a favorable judgment but before the judgment could be affirmed on appeal. Cf. Jenkins by Agyei, 491 U.S. at 283 n.6 (interpreting § 1988 to include an adjustment for a delay in payment to calculate fees because the potential hardship involved in a contrary rule "could well deter otherwise willing attorneys from accepting complex civil rights cases that might offer great benefit to society at large" and "this result would work to defeat Congress' purpose in enacting § 1988"). Our solution is our best view of what Congress, in designing the civil rights attorney's fees scheme, would intend.

B.          Diffenderfer and McCarroll's Cross-Appeal

On cross-appeal, Diffenderfer and McCarroll reiterate their claim that the district court erroneously reduced their award when it imposed an across-the-board fee reduction to account for plaintiffs' practice of billing in quarter-hour increments.[6] They argue that this reduction was an abuse of discretion, because billing by the quarter-hour is common practice in the Puerto Rican legal community.

Because we review such claims for an abuse of discretion, we generally do not disturb a district court's calculation of an award.  See Gay Officers Action League, 247 F.3d at 292-93.  This case is no different.  Plaintiffs misconstrue the district court's reasoning: the reduction was not imposed because the district court found billing in quarter-hour increments per se unreasonable, but because it found that plaintiffs had billed fifty or more menial items in quarter-hour increments when the actual task would have taken a negligible amount of time.  See Diffenderfer, 606 F.Supp.2d at 229.  The district court explained that it imposed this reduction pursuant to its duty to ensure that the ultimate fee was reasonable.  Its conclusions on this and other reductions were well within the boundaries of existing precedents, and we find no abuse of discretion.

---

[6]     Plaintiffs do not appeal the district court's across-the-board reduction for excessive and duplicative billing practices.

-17-

IV.

Finally, we turn to Gomez-Colon's motion for substitution of parties. Gomez-Colon is no longer President of the Commission and seeks to substitute Hector J. Conty-Perez, the new President, as appellant. Substitution is automatic where, as here, the district court imposed fees against Gomez-Colon only in his official capacity. See Fed. R. App. P. 43(c)(2); Fed. R. Civ. P. 25(d).

Appellant Gomez-Colon's motion to substitute parties is hereby granted. The district court's judgment in Diffenderfer v. Gomez-Colon, 587 F. Supp. 2d 338 (D.P.R. 2008), is vacated, and we remand to the district court with instructions to dismiss the action. We affirm the district court's award of attorney's fees in the district court. No costs are awarded on these appeals.

So ordered.