09-5335-cv
Kirk v. New York Dep't of Educ.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

August Term, 2010

(Argued: November 8, 2010                                    Decided: July 6, 2011)

Docket No. 09-5335-cv

_____

SIMON E. KIRK,

*Plaintiff-Appellee*,

v.

NEW YORK STATE DEPARTMENT OF EDUCATION, RICHARD P. MILLS, COMMISSIONER OF EDUCATION, NEW YORK STATE BOARD OF REGENTS, ROBERT M. BENNETT, CHANCELLOR OF THE NEW YORK STATE BOARD OF REGENTS,

*Defendants-Appellants*.

_____

Before: FEINBERG, B.D. PARKER, WESLEY, *Circuit Judges*.

_____

Appeal from a November 24, 2009 order of the United States District Court for the Western District of New York (Siragusa, *J.*) denying Defendants-Appellants' motion to vacate an award of attorney's fees. *See* 42 U.S.C. § 1988(b).

AFFIRMED.
_____

ANDREW B. AYERS, (Denise A. Hartman, Assistant Solicitor General; Barbara D. Underwood, Solicitor General, *on the brief*), Assistant Solicitor General, *for* Andrew M. Cumo, Attorney General of the State of New York, Albany, NY, *for Appellant*s.

JEFFREY A. WADSWORTH (Margaret A. Catillaz, *on the brief*), Harter Secrest & Emery LLP, Rochester, NY, *for Appellee*.

BARRINGTON D. PARKER, *Circuit Judge*:

The New York State Department of Education and related defendants appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*) denying their motion to vacate an award of attorney's fees to Simon E. Kirk. The district court had awarded Kirk attorney's fees pursuant to 42 U.S.C. § 1988(b) after he successfully challenged on equal protection grounds New York State Education Law § 6704(6), which restricts professional veterinarian licenses to United States citizens and aliens who are lawful permanent residents of the United States. The Department appealed the district court's ruling that § 6704(6) was unconstitutional and while the appeal was pending, the United States granted Kirk permanent legal resident status, which meant that § 6704(6) no longer precluded him from obtaining the license. Accordingly, a panel of this Court dismissed the appeal as moot and vacated the judgment. The Department then moved in the district court to vacate the fee award. The district court concluded that because the judgment in Kirk's favor, though later vacated, had brought a judicially-sanctioned, material alteration of the parties' legal relationship that had not been reversed on the merits, Kirk was a prevailing party entitled to attorney's fees under 42 U.S.C. § 1988(b). *Kirk v. New York State Dep't of Educ.*, No. 08-CV-6016 (CJS), 2009 WL 4280555, at *4 (W.D.N.Y. Nov. 24, 2009); *see also id.* at *3 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). We affirm.

2

**BACKGROUND**

Kirk, a Canadian citizen, is a veterinarian who, prior to December 2008, was living and working in the United States pursuant to a Trade Nafta Visa ("TN Visa"), which allowed him to stay and work in the United States temporarily.[1] Because Kirk was neither a United States Citizen nor a permanent resident alien, under New York law he was not eligible for a veterinarian license. Specifically, New York State Education Law § 6704(6), provides that "[t]o qualify for a license as a veterinarian, an applicant shall . . . be a United States citizen or an alien lawfully admitted for permanent residence in the United States[.]" However, effective July 2004, Kirk obtained a temporary waiver of § 6704(6)'s requirements because there was a "shortage of qualified applicants to fill existing vacancies in veterinary medicine." N.Y. Educ. Law § 6704(6) (McKinney 2010). Thus, the State of New York granted Kirk a limited license, which allowed him to practice veterinary medicine in New York for four years.[2] The license expired in July 2008 and could not be extended. Had Kirk met the citizenship/residency requirement of § 6704(6), he would have received a permanent veterinary license, which, unlike the limited license, had no expiration date.

In January 2008, seven months before his limited license was set to expire, Kirk sued in the United States District Court for the Western District of New York pursuant to 42 U.S.C. §§ 1981 and 1983 challenging the constitutionality of § 6704(6)'s permanent residency and

---

[1] In accordance with the North American Free Trade Agreement ("NAFTA"), "a citizen of Canada or Mexico who seeks temporary entry as a business person to engage in business activities at a professional level may be admitted to the United States." 8 C.F.R. § 214.6(a).

[2] The limited license expired on July 31, 2007, but Kirk was granted a one-time, one-year extension.

citizenship requirement. Specifically, Kirk alleged that the law's requirement violated the Equal Protection and Supremacy Clauses of the United States Constitution. The parties filed cross-motions for summary judgment. In June 2008, the district court held that § 6704(6)'s citizenship/residency restriction was unconstitutional and granted summary judgment to Kirk.

Thereafter, Kirk moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988(b). While Kirk's application was pending in the district court, the Department appealed and also sought a stay pending appeal from the district court. The Department argued that absent a stay of enforcement of the district court's determination that § 6704(6) was unconstitutional, the Department "would have no grounds for denying permanent lifetime licensure to [Kirk]," a result that would "irreparably injure[]" the Department because the license could not be revoked even if the district court's decision were overturned on appeal (except if Kirk committed an act of professional misconduct). *See* Frank Muñoz Decl., JA 369 ¶¶ 6, 8. Unpersuaded, the district court denied the stay. Consequently, the Department was required to issue Kirk a permanent license, which was the objective of his lawsuit, and which, because of the vagaries of New York's Education Law, could not be revoked by a reversal of the district court's judgment. In January 2009, the district court concluded that Kirk was a "prevailing party" under § 1988 and awarded him $74,349.44 in attorney's fees and disbursements.

At some point prior to the end of 2008, Kirk applied for and received permanent resident status effective December 2008. Because he was now a permanent resident, § 6704(6) no longer precluded him from obtaining a permanent veterinary license. Accordingly, on June 24, 2009, in response to a motion by the Department, this Court dismissed the appeal as moot and vacated the judgment.

4

After that dismissal, the Department moved in the district court to also vacate the award of attorney's fees, arguing that because the judgment had been vacated, Kirk had lost his status as a "prevailing party" for purposes of § 1988. The district court denied the motion, holding that "because [Kirk] obtained a judicially-sanctioned, material alteration of the parties' legal relationship on the merits, which was not later reversed on the merits, [Kirk] is a prevailing party under 42 U.S.C. § 1988(b)." *Kirk*, 2009 WL 4280555 at *4.

This appeal followed. It presents the sole legal question of whether Kirk is a prevailing party, an issue we review de novo. *See Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 450 (2d Cir. 2004).

**DISCUSSION**

Under § 1988, when a party succeeds on a § 1983 claim, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted). To qualify for attorney's fees, there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home*, 532 U.S. at 605.

It is undisputed that Kirk initially succeeded on the merits of his claim because the district court found New York State Education Law § 6704 unconstitutional. It is equally clear that the district court's order brought about a judicially sanctioned change in the parties' legal relationship because it required the Department to issue Kirk a license in July 2008. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) ("The

5

touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.").  Accordingly, the Department does not dispute that, at some point, Kirk received "prevailing party" status. Instead, the Department argues that Kirk lost that status when we dismissed the appeal as moot and vacated the judgment.

The Department urges us to look to language in *Sole v. Wyner*, 551 U.S. 74 (2007), as support for their position that prevailing party status, once achieved, can be subsequently lost.  In *Sole*, the Supreme Court held that "[a] plaintiff who achieves a transient victory at the threshold of an action can gain no award under [§ 1988] if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded." *Id.* at 78.  Although the Court explicitly limited its holding to "a plaintiff who gains a preliminary injunction," but later loses on the merits of his or her case, *id.* at 86, the Department urges us to apply *Sole*'s holding here where the appeal on the merits was dismissed as moot and the district court's judgment was vacated.  In other words, the Department contends that under the rule announced in *Sole*, Kirk lost his prevailing party status because, when we vacated the judgment that entitled him to attorney's fees, his legal victory was "reversed, dissolved, or otherwise undone."[3] *Id.* at 83.  We disagree.

---

[3]  The Department does not seem to dispute that prior to the Supreme Court's pronouncement in *Sole*, Kirk would have been entitled to attorney's fees.  Nor can it.  Several cases in this Circuit prior to *Sole* have held that a plaintiff who achieves relief, even if only interim relief, does not lose prevailing party status if there is a later determination on appeal that the case is moot. *See, e.g.*, *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997) (holding that attorney's fees were proper notwithstanding the fact that the appeal was dismissed as moot because "the court's action in granting the preliminary injunction [wa]s governed by its assessment of the merits"); *LaRouche v. Kezer*, 20 F.3d 68, 75 (2d Cir. 1994) ("If a claim is mooted, interim injunctive relief may be a basis for an award of attorney's fees, if plaintiff has prevailed on the merits at the interim stage.").

In *Sole*, an organizer of an event in which participants were to engage in a naked peace protest at a state beach, brought a §1983 First Amendment action challenging the state regulation governing clothing in state parks and seeking preliminary and permanent injunctive relief. *Id.* at 78. A day before the event, the organizer moved for and obtained a preliminary injunction. When the district court eventually reached the merits after the event occurred, it denied the organizer a permanent injunction. Nonetheless, the court awarded her attorney's fees on the theory that she had "prevailed" because she had initially obtained the preliminary injunction. Ultimately the Supreme Court reversed, holding that "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Id.* at 83.

Critical to the Court's analysis was the fact that the case involved a preliminary injunction that was superseded by "the eventual ruling on the merits for defendants, after both sides considered the case fit for final adjudication." *Id.* at 84-85. The Court emphasized that in deciding a motion for a preliminary injunction, "the court is called upon to assess the probability of the plaintiff's ultimate success on the merits," and that "[t]he foundation for that assessment will be more or less secure depending on the thoroughness of the exploration undertaken by the parties and the court." *Id.* at 84. The Court further noted that the preliminary injunction hearing in *Sole* "was necessarily hasty and abbreviated" and that it left defendants with "little opportunity to oppose [Plaintiff]'s emergency motion." *Id.*

We conclude that Kirk's situation is materially different than the plaintiff's situation in *Sole* in at least three respects. First, Kirk obtained a judgment on a fully developed record, whereas *Sole* involved an abbreviated record and a preliminary determination that was

7

superseded by a ruling on the merits for defendants. In denying attorney's fees for the plaintiff's success in obtaining a preliminary injunction, the Court in *Sole* emphasized the unique nature of preliminary injunctions and limited its holding to cases involving such relief. *See, e.g.*, *id.* at 77 ("This case presents a sole question: Does a plaintiff who gains a *preliminary injunction after an abbreviated hearing*, but is denied a permanent injunction after a dispositive adjudication on the merits, qualify as a 'prevailing party' within the compass of § 1988(b)?" (emphasis added)).

Second, in this case, unlike in *Sole*, no court overturned Kirk's favorable judgment on the merits or rejected the legal premise of the district court's decision. The district court's judgment was vacated only because Kirk was granted legal permanent resident status. The Court did not intend *Sole* to reach such situations. *See id.* at 86 ("We express no view on whether, in the absence of a final decision *on the merits* of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees." (emphasis added)). Significantly, the Court noted that "[o]f controlling importance to our decision [is that] the eventual ruling *on the merits* for defendants . . . superseded the preliminary ruling. [Plaintiff]'s temporary success rested on a premise the District Court ultimately rejected." *Id.* at 84-85 (emphasis added).

Finally, and most importantly, unlike the plaintiff in *Sole*, Kirk did not leave court empty handed; he "prevailed" in June 2008 when he left with an order requiring the Department to issue him a veterinarian license. Although the judgment was vacated and the case ultimately became moot, that judicially sanctioned change remains in place to this day because, as the Department has conceded, once Kirk received the license, he was entitled to keep it, even if the judgement in his favor was subsequently vacated. Thus, even if we were to apply *Sole* to

8

situations like this case where a judgment was vacated after an appeal became moot, Kirk would still be a prevailing party because he was able to keep the license he obtained as a consequence of the judgment.

Accordingly, we hold that Kirk is a "prevailing party" entitled to attorney's fees.[4]

**CONCLUSION**

The order of the district court is AFFIRMED.

---

[4] In reaching this conclusion, we follow the other circuits that have addressed this issue since *Sole*. *See Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009) ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation."); *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 805 (9th Cir. 2009) (amended opinion) ("It is also plain that mootness alone does not preclude an award of attorneys fees."); *UFO Chuting of Hawaii, Inc. v Smith*, 508 F.3d 1189, 1197 (9th Cir. 2007) ("[W]hen a party . . . achieves the objective of its suit by means of an injunction issued by the district court[, it] is a prevailing party in that court, notwithstanding the fact that the case becomes moot, through no acquiescence by the defendant, while the order is on appeal." (internal quotation marks omitted)).