NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0401n.06

Case No. 20-6188

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 25, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES THOMAS; DAVID HIXSON, | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| BILL HASLAM, et al., | ) | TENNESSEE |
| | ) | |
| Defendants, | ) | |
| | ) | |
| JEFF LONG, Commissioner for the | ) | |
| Department of Safety and Homeland Security, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** The district court granted Plaintiffs James Thomas and David Hixson's ("Plaintiffs") motion for summary judgment, concluding that Tenn. Code Ann. § 40-24-105(b)(1) (2018) ("Section 105") violated their constitutional rights. On appeal, we held that because the Tennessee General Assembly enacted a new law that amended Section 105—while the appeal was pending—in a manner that provided the Plaintiffs the relief they sought, the case was moot. Consequently, we vacated the district court's judgment, remanded the case, and instructed the district court to dismiss the underlying litigation. The Plaintiffs later

Case No. 20-6618, *Thomas, et al v. Haslam, et al,*

moved for attorney's fees pursuant to 42 U.S.C. § 1988(b), and Jeff Long,[1] the Commissioner of Tennessee's Department of Safety and Homeland Security ("Defendant"),[2] objected—arguing that the Plaintiffs were not "prevailing parties." The district court found that the Plaintiffs were entitled to attorney's fees and granted their request. For the reasons stated below, we AFFIRM in part, REVERSE in part, and REMAND.

I.

In January 2017, the Plaintiffs filed a putative class action complaint under 42 U.S.C. § 1983, challenging the constitutionality of Section 105. Under this statute, Tennessee residents were subjected to having their driver's licenses revoked for failure to timely pay "court debt," including court costs, litigation taxes, and fines resulting from a criminal conviction. The Plaintiffs, residents of Tennessee who suffered from this practice, contended that Section 105 violated their rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses because it did not include an indigency exception.

The parties filed cross-motions for summary judgment; the district court granted the Plaintiffs' motion and denied the Defendant's. Specifically, the court: (1) declared Section 105 unconstitutional; (2) ordered that all driver's licenses that had been revoked based solely on an individual's inability to pay court debt be reinstated; and (3) enjoined the State of Tennessee from further revoking any driver's licenses pursuant to Section 105 until a lawful procedure was implemented. The Defendant appealed that decision to our Court.

---

[1] The Plaintiffs named then-Governor of Tennessee, Bill Haslam and Tennessee Attorney General, Herbert Slatery, III as defendants before the parties jointly stipulated to dismissing Haslam and Slatery from this case. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

[2] David Purkey, then-Commissioner of Tennessee's Department of Safety and Homeland Security, was initially named as a defendant. During the course of this suit, Long succeeded Purkey in that role, and was consequently substituted as a defendant. *See* Fed. R. Civ. P. 25(d). When using the term "Defendant," we are referring to the Commissioner who was in office at that relevant time.

Before the appeal was resolved, the Tennessee General Assembly enacted a law that amended Section 105 by, *inter alia*, relieving any individual from paying court debt who could provide proof of his or her indigence. 2019 Tenn. Pub. Acts Ch. 438. After this law became effective, we asked both parties to provide the Court with supplemental briefing to address how this new law affected their case. The Plaintiffs argued that the passage of this law made their case moot. We agreed, acknowledging that when a plaintiff abandons an argument on mootness grounds, that issue is no longer live or justiciable. *Thomas v. Lee,* 776 F. App'x 910, 911 (6th Cir. 2019). Accordingly, we vacated the district court's judgment and remanded the case with instructions for the district court to dismiss the underlying litigation as moot. *Id.*

After the case was remanded, the Plaintiffs moved for attorney's fees. They sought $1,081,174.50 in fees and $3,563.41 in costs.[3] In response, the Defendant asserted that because the Plaintiffs did not prevail on the merits of their claims, the district court should decline to award the Plaintiffs any fees that they incurred throughout the course of the litigation. The Defendant especially took issue with the Plaintiffs being awarded attorney's fees that were incurred on appeal. The district court was unpersuaded by the Defendant's arguments and awarded the Plaintiffs $760,385.56 in attorney's fees and costs, which included fees for work performed at both the trial and appellate levels.[4]

The Defendant's timely appeal followed.

---

[3] The Plaintiffs first requested $1,114,074.50 in attorney's fees, but withdrew their fee requests that pertained to any work performed between May 7, 2019—the day before our Court ordered that this case be held in abeyance due to the implementation of the new legislation—and September 12, 2019—when we declared that this case was moot.

[4] After analyzing the reasonableness of the Plaintiffs' fee request, the district court applied a 30% "across-the-board" reduction to the total requested attorney's fees amount sought.

II.

The question of whether a party has "prevailed" is one we review *de novo*. *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019) (citing *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007)).

While litigants are generally required to pay their own attorney's fees, 42 U.S.C. § 1988 provides an exception to that rule for litigants who are successful with their 42 U.S.C. § 1983 actions. *McQueary v. Conway*, 614 F.3d 591, 596–97 (6th Cir. 2010). Pursuant to § 1988, a "prevailing party" in such litigation has the right to recover "a reasonable attorney's fee . . . ." For a plaintiff to have "prevailed," that party must have "receive[d] at least some relief on the merits of his claim[,]" *Hewitt v. Helms*, 482 U.S. 755, 760 (1987), and "be able to point to a resolution of the dispute which changes the legal relationship between [himself] and the defendant[,]" *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

The Defendant argues that the Plaintiffs are not prevailing parties because their claims were dismissed as moot and the district court's judgment was vacated. We have not yet been tasked with resolving a case involving this exact procedural posture. However, our Court has recognized, albeit in dicta, that "'[w]hen plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still prevailing parties for the purposes of attorney's fees for the district court litigation.'" *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (quoting *Diffenderfer v. Gomez–Colon,* 587 F.3d 445, 454 (1st Cir. 2009)). This principle is consistent with how several circuits have resolved this dispute. *See Kirk v. New York State Dep't of Educ.*, 644 F.3d 134, 139 (2d Cir. 2011); *Diffenderfer,* 587 F.3d at 454; *Dahlem by Dahlem v. Bd. of Educ. of Denver Pub. Sch.*, 901 F.2d 1508, 1512–14 (10th Cir. 1990); *Grano v. Barry*, 783 F.2d 1104, 1108–10 (D.C. Cir. 1986);

Case No. 20-6618, *Thomas, et al v. Haslam, et al,*

*Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir. 1980); *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980); *Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir. 1979). Accordingly, we find that it is appropriate to apply this standard articulated in *Hargett* to the instant case.

Based on the events that transpired during this litigation, it is difficult to debate that the Plaintiffs were prevailing parties at the district court. It is undisputed that the Plaintiffs succeeded and obtained the relief they sought: the district court (1) concluded that Section 105 was unconstitutional; (2) ordered the Commissioner to reinstate driver's licenses that had unconstitutionally been revoked; and (3) enjoined the State from revoking driver's licenses pursuant to Section 105 in the future. Even though our Court held that this case was moot because Section 105 was amended, it does not change the fact that the Plaintiffs prevailed at the district court.[5] Therefore, the Plaintiffs are entitled to attorney's fees for their counsel's efforts in obtaining an initial favorable outcome for their clients.

The Defendant alternatively argues that if we were to conclude that the Plaintiffs were prevailing parties at the district court, we should find that the Plaintiffs should not be permitted to receive attorney's fees incurred in the prior appeal. We agree. In *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 483 (1990), the Supreme Court explicitly indicated that in instances where a district court's judgment has been "vacated on the basis of an event that mooted the controversy before the Court of Appeals' judgment was issued," a party cannot be deemed a "prevailing party" at that subsequent stage in the litigation, and would thus not be entitled to attorney's fees associated with the cost of the appellate litigation. *Id.*; *Diffenderfer,* 587 F.3d at 454. Therefore, because the

---

[5] The Defendant additionally argues that because the Plaintiffs supposedly caused the intervening event that mooted this case, they cannot be considered prevailing parties. This contention is without merit. The state passed a new law that amended Section 105, which was the intervening event that rendered the case moot. The Plaintiffs simply brought this legislative development to our attention. And that does not alter whether they prevailed below.

Plaintiffs did not prevail at the appeals stage, they are not entitled to attorney's fees incurred during the previous appeal.[6] *Lewis*, 494 U.S. at 483.

## III.

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.

---

[6] The Plaintiffs contend that *Lewis* is distinguishable from the present case because there "[the] plaintiff did not succeed before the district court and thus was not a prevailing party at any stage of the litigation[.]" The Plaintiffs are mistaken. In *Lewis*, the district court granted summary judgment for the plaintiff, determining that the statutes at issue were unconstitutional. *Lewis*, 494 U.S. at 475.