# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0554, <u>Janessa Verrill & a. v. Commissioner of the New Hampshire Department of Health and Human Services & a.</u>, the court on November 17, 2023, issued the following order:**

The defendants, the Commissioner of the New Hampshire Department of Health and Human Services and the New Hampshire Department of Health and Human Services (collectively, DHHS), appeal orders of the Superior Court (<u>Kissinger</u>, J.) that granted the request of plaintiff Janessa Verrill for declaratory judgment and attorney's fees for violations of RSA chapter 171-A (2022 & Supp. 2022). The question before us is whether the defendants were authorized to provide services to the plaintiff, who is a developmentally disabled individual and who was between the ages of 18 and 21 and in school at the time that she filed her complaint.

The following facts are taken from the trial court order or are supported by the record. The plaintiff was born on December 6, 2000. During the time that she was a high school student, she applied for "home and community-based services" pursuant to RSA chapter 171-A through the Lakes Region Community Services (LRCS), the area agency responsible for determining her eligibility. <u>See</u> RSA 171-A:6 (2022). LRCS determined that she was "'eligible for and in need of developmental services' including 'home and community-based services' pursuant to RSA 171-A and administrative rules [promulgated thereunder]." The defendants disagreed with this determination, concluding that because "the plaintiff is currently in school, she is not entitled to the services she seeks and funding is not available for those services."

The plaintiff then filed a complaint in the superior court in which she sought: (1) a declaration that DHHS' failure to provide developmental services to her violated RSA chapter 171-A; (2) permanent injunctive relief requiring DHHS to fund and provide her with the full range of developmental services, "including the home and community-based services for which she is eligible regardless of her school status"; and (3) costs and attorney's fees. The trial court awarded declaratory judgment to the plaintiff, observing that to read RSA 171-A:1-a, I(a) (2022) to limit services to developmentally disabled persons enrolled in school would run contrary to the stated policy goals of RSA chapter 171-A, which include providing services that are "relevant to the individual's age, abilities, and life goals, including support for gainful employment that maximizes the individual's potential for self-sufficiency and independence" and that "offer

comprehensive, responsive, and flexible support as individual and family needs evolve over time." RSA 171-A:1, IV; II (2022).

The trial court held additional hearings, concluding with a status conference on October 18, 2021. At that hearing, DHHS advised the court that "funding ha[d] been allocated" for the plaintiff and that when she reached the age of 21 in December 2021, she would be eligible for the services that she sought.

The trial court subsequently entered an order reaffirming its grant of a declaratory judgment to the plaintiff and awarding her attorney's fees while also denying her request for injunctive relief.

DHHS then filed this appeal in which it challenged both the trial court's interpretation of RSA chapter 171-A and the award of attorney's fees to the plaintiff under the substantial benefit theory.

Given the request for relief that the plaintiff sought in her complaint and the acknowledgement by DHHS at the October 2021 hearing that services would become available to her under either reading of the statute in question when she attained the age of 21, and that funding had been set aside to provide those services, we conclude that the issue before us is moot.[1] A matter is moot when it no longer presents a justiciable controversy because the issues involved in the case have become academic. Londonderry Sch. Dist. v. State, 157 N.H. 734, 736 (2008). Because the case has become moot "due to circumstances unattributable to any of the parties," we conclude that vacatur is the appropriate resolution of this matter. See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 23 (1994) (quotation omitted).

In contrast to a reversal of an appealed order, vacatur "does not reflect upon the underlying merits of the parties' claims." Diffenderfer v. Gomez-Colon, 587 F.3d 445, 451 (1st Cir. 2009). In this case, the plaintiff obtained both a favorable ruling on her declaratory judgment claim and an award of attorney's fees in the trial court. We recognize that, although the plaintiff will no longer benefit from any ruling that we might make in addressing the scope of services to be provided under RSA chapter 171-A, she did obtain the attorney's fee award in the trial court based on her success on the merits of her claim in that forum. Moreover, although DHHS listed as an issue in its notice

---

[1] In his brief, counsel for the amici curiae observes that in 2022, the legislature amended RSA chapter 186-C, "Special Education." According to counsel, these amendments "purport to raise the cut-off age for special education to a student's twenty-second birthday." Even if these amendments withstand the legal challenges suggested by counsel, they do not alter our conclusion that the issue before us is moot because the plaintiff attained the age of 22 in December 2022.

of appeal: "Whether the trial court erred in awarding the plaintiff attorney fees under the substantial-benefit theory simply because she secured a favorable construction of a state statute," DHHS subsequently advised that it had "elected not to pursue that separate issue." Although we are not generally bound by federal court jurisdictional jurisprudence, we note that the First Circuit Court of Appeals has determined that when a party obtains favorable relief in the federal district court but the judgment is rendered moot during the pendency of the appeal, the award of attorney's fees incurred in the trial court may still be upheld. See, e.g., id. at 453-54.

In this case, the trial court awarded the plaintiff attorney's fees after determining that her "action confers a substantial benefit upon the general public." Because DHHS has elected not to pursue a separate challenge to this ruling, we remand this case to the trial court for an appropriate award of attorney's fees.

In doing so, we note that, in 2022, the legislature directed DHHS to "develop a pilot program to provide services for individuals with developmental disabilities, between 18 and 21 years of age, who are enrolled in school and determined eligible for developmental services that are not the responsibility of the local education agency, another state agency, or another division of the department." Laws 2022, ch. 272. We also observe that a number of school districts participated in this case as amici curiae.

Accordingly, we vacate the trial court's order on the merits and remand for its entry of an award of attorney's fees.

Vacated in part and remanded.

HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred; BROWN, J., retired superior court justice, specially assigned under RSA 490:3, sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,**
**Clerk**

3