# United States Court of Appeals for the Federal Circuit

---

**JENNIFER NEAL,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1755

---

Petition for review of the Merit Systems Protection Board in No. AT-0714-20-0742-A-1.

---

Decided: February 27, 2026

---

NEIL CURTIS BONNEY, Bonney, Allenberg & O'Reilly, PC, Virginia Beach, VA, for petitioner.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by GEOFFREY M. LONG, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, SCHALL, and STARK, *Circuit Judges.*

DYK, *Circuit Judge.*

Jennifer Neal petitions for review of a Merit Systems Protection Board ("Board") order denying her request for attorneys' fees. An initial decision determined that Ms. Neal's removal from her position was not in accordance with law. The government filed a petition for review of the initial decision on the merits, which the full Board dismissed as moot because the government voluntarily gave Ms. Neal all of the relief she sought in her appeal. The administrative judge ("AJ") then granted Ms. Neal's request for attorneys' fees, and the government filed a petition for review of the attorneys' fees decision. The Board held that Ms. Neal could not recover attorneys' fees because she was not the prevailing party. We conclude that Ms. Neal may recover attorneys' fees as the prevailing party and reverse.

BACKGROUND

From 2012–2020, Ms. Neal worked at the Department of Veterans Affairs ("VA"), most recently as a Field Examiner. The VA removed Ms. Neal for unacceptable performance, effective August 10, 2020. Ms. Neal appealed her removal to the Board, arguing (1) that the VA was required to offer her a performance improvement plan ("PIP") before removing her under the applicable master collective bargaining agreement ("CBA"); and (2) that the removal was the result of unreasonable performance standards.

Two years before Ms. Neal's appeal, a division of the national union for VA employees succeeded in an arbitration on the PIP issue that Ms. Neal raised. The arbitrator concluded that the master CBA between the VA and its unionized employees required the VA to offer employees a PIP before removal. While Ms. Neal's appeal was pending, the Federal Labor Relations Authority decided *U.S. Dep't of Veterans Affairs, Veterans Benefits Administration & AFGE,* 71 FLRA No. 211 (Nov. 16, 2020) ("FLRA decision"), in which it concluded that the 2018 arbitration decision was not contrary to law, outside the scope of the arbitrator's authority, or contrary to the CBA. The AJ in

this case informed the parties of the FLRA decision and both parties argued to the Board whether the decision should be followed in this case.

On December 8, 2020, the AJ issued an initial decision setting aside Ms. Neal's removal. The AJ noted that "[g]iven the FLRA has ruled in a decision that is binding upon the agency that the agency cannot remove bargaining unit employees without affording them a PIP and a 90-day improvement period in accordance with Section 10 of the CBA, and the agency admittedly has not done so here, I find that the agency's removal action was not in accordance with law." J.A. 29.[1]

The agency petitioned for review of the initial decision to the full Board, arguing that (1) "the AJ relied upon a FLRA decision that was not only incongruent with other MSPB cases, it was non-precedential and factually distinguishable from Appellant's case" and that (2) the FLRA decision "appl[ied] to an entirely different category of workers and not all Bargaining Unit Employees as the AJ held." J.A. 55–56.

On December 8, 2021, despite the agency's position before the full Board, the VA notified Ms. Neal that she was eligible for reinstatement in accordance with the 2018 arbitration award through a mass mailing. Ms. Neal responded that she would like to be reinstated and made whole. The VA then informed the Board that it had cancelled Ms. Neal's removal, returned her to duty, and initiated the process for her to receive backpay. In light of these events, the Board ordered the VA to provide evidence and argument as to why the appeal was not moot. In a January 6, 2023, response, the VA did not dispute the fact that Ms. Neal's claims on appeal were moot, but it stated that

---

[1]    Citations to the "J.A." refer to the Joint Appendix filed by the parties in No. 25-1755, Dkt. No. 18.

whether Ms. Neal was entitled to attorneys' fees was a live issue between the parties.

On July 21, 2023, the Board decided that Ms. Neal had received "all the relief the Board could have afforded her in this appeal," and therefore dismissed the VA's petition for review as moot. J.A. 84. The decision notified Ms. Neal that "[y]ou may be entitled to be paid by the agency for your reasonable attorney fees and costs." *Id.*

Following this order, Ms. Neal moved for attorneys' fees under the Back Pay Act, 5 U.S.C. § 5596, and 5 U.S.C. § 7701(g). The AJ determined Ms. Neal was a prevailing party because she obtained a lawful order from the AJ that materially altered the relationship between the parties, as "[o]bviously, the agency was ordered to return her to work and pay her back pay," and granted Ms. Neal's motion. J.A. 92–93.

The agency petitioned for review to the full Board, which reversed the AJ's initial decision. The Board determined that the initial decision on the merits was not an enforceable order due to the VA's decision to file a petition for review. The Board reasoned that the petition for review became moot, and therefore Ms. Neal was not the prevailing party.

Ms. Neal timely petitioned for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We set aside the decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Miller v. Fed. Deposit Ins. Co.*, 818 F.3d 1357, 1359 (Fed. Cir. 2016).

Ms. Neal argues that she was a prevailing party because the AJ's initial decision on the merits provided her legally enforceable relief, and thus she is entitled to attorneys' fees. The VA supports the Board's conclusion that Ms. Neal is not a prevailing party because she "never received an enforceable order because the initial decision 'was not enforceable while the agency's petition for review was pending, and it was not enforceable after the Board dismissed the agency's petition as moot.'" Respondent's Br. at 9 (quoting J.A. 6). We agree with Ms. Neal.

The parties' arguments reflect considerable confusion as to the relevant case authorities, but the law is quite clear. Prevailing party status is conferred "when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Lackey v. Stinnie*, 604 U.S. 192, 203–04 (2025).

In *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990), the Supreme Court left open the question whether a party could be awarded attorneys' fees "even though [the] judgment was mooted after being rendered but before the losing party could challenge its validity on appeal." *Lewis*, 494 U.S. at 483. But every circuit court to consider the question has reached the same conclusion: "When plaintiffs clearly succeeded in obtaining the relief sought . . . and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees." *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009) (citing *UFO Chuting of Haw., Inc. v. Smith*, 508 F.3d 1189, 1197 & n.8 (9th Cir. 2007), then citing *Dahlem v. Bd. of Educ.*, 901 F.2d 1508, 1512–13 (10th Cir. 1990), then citing *Palmer v. City of Chicago*, 806 F.2d 1316, 1321 (7th Cir. 1986), and then citing *Grano v. Barry*, 783 F.2d 1104, 1109 (D.C. Cir. 1986)); *accord Kirk v. N.Y. State Dep't of Educ.*, 644 F.3d 134, 138–39, 139 n.4 (2d Cir. 2011); *Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir. 1979); *Amawi v. Paxton*, 48 F.4th 412, 417 (5th Cir. 2022);

*Green Party of Tenn. v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014); *Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 952 (8th Cir. 2017); *Jacksonville Prop. Rts. Ass'n, Inc. v. City of Jacksonville*, 635 F.3d 1266, 1275 n.20 (11th Cir. 2011).

This is the situation here. The AJ's initial decision conclusively resolved Ms. Neal's claim on the merits in her favor and ordered the VA to reinstate her and provide her with backpay. The fact that the case became moot after a petition for review is irrelevant.

This case is like *Diffenderfer v. Gomez-Colon*, where an intervening governmental decision to afford the relief awarded by the trial court caused a controversy to become moot while the case was on appeal. 587 F.3d at 450. The district court granted plaintiffs a permanent injunction against the issuance of Spanish-only ballots in Puerto Rican elections, and the government appealed. *Id.* at 449. While the case was pending on appeal, legislation was passed mandating the use of bilingual ballots. *Id.* Although it "recognize[d] that the defendant did not have the chance to seek to reverse the court's injunction on appeal on the ground that it was based on an error of law," *id.* at 454, the First Circuit concluded that the plaintiffs remained the prevailing party before the district court as they "obtained the injunctive relief they sought." *Id.* The same is true here. Ms. Neal "receive[d] a favorable judgment on the merits of a claim [and] is the classic example of a 'prevailing party.'" *Id.* at 453.[2]

---

[2]    The VA argues that "substantial evidence supports the [B]oard's finding that the VA's decision to grant [Ms. Neal] relief 'was the result of an FLRA decision,' and not the non-enforceable initial decision." Respondent's Br. at 16–17 (quoting J.A. 6). To be sure, if a case became moot because of some unrelated event, we might be

The Board's reliance on *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598 (2001), as supporting a contrary result is misplaced.  In *Buckhannon*, the Supreme Court rejected the argument that a "catalyst theory" allowed for the recovery of attorneys' fees under a prevailing party statute when the defendants' voluntary cessation of the complained-of conduct moots a case before the plaintiff received a judgment on the merits or a court-ordered consent decree.  *Id.* at 605.  This was so because "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."  *Id.* at 598–99.  But, unlike in *Buckhannon*, Ms. Neal received a judicial decision that resolved her claim in her favor on the merits.  *Buckhannon* is thus inapposite.

The VA argues there was no judicially sanctioned change in the relationship between the parties because the AJ's initial decision was preliminary and never became the final decision of the Board, relying on *Lackey v. Stinnie*.  The Supreme Court there held that prevailing party status is not conferred upon a party when that party only obtained a preliminary injunction before intervening events rendered a case moot.  *Lackey*, 604 U.S. at 207–08.  The Court reasoned that preliminary injunctions "do not conclusively resolve the rights of parties on the merits."  *Lackey*, 604 U.S. at 201.  By contrast, the AJ here did not merely decide that Ms. Neal would be likely to prevail on the

---

presented with a different situation.  But that is not what occurred here.  The FLRA/arbitration decision that the government relied on in granting relief to Ms. Neal was the very same FLRA/arbitration decision on which the AJ relied on in granting relief in the first place.

merits as for a preliminary injunction, but that she was entitled to permanent relief.

Ms. Neal's claim became moot on review because the VA voluntarily afforded her the full relief that was ordered by the AJ. But that does not change the fact that she is a prevailing party. Ms. Neal is thus entitled to her attorneys' fees and costs under the Back Pay Act and 5 U.S.C. § 7701(g).

**REVERSED**

COSTS

Costs to Ms. Neal.