07-0891-cv
College Standard Magazine v. SUNY Albany

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued:  December 22, 2008          Decided:  July 1, 2010)

Docket No. 07-0891-cv

---------------------------------------

COLLEGE STANDARD MAGAZINE, JEFFREY SCOTT BAREA, and JULIEN A.M. STARR,

Plaintiffs-Appellees,

- v -

STUDENT ASSOCIATION OF THE STATE UNIVERSITY OF NEW YORK AT ALBANY,[*]

Defendant-Appellant.

---------------------------------------

Before:    NEWMAN, CALABRESI, and SACK, Circuit Judges.  Judge Calabresi concurs in a separate opinion.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Judge).  The district court granted summary judgment upholding the plaintiffs' facial challenge under the First Amendment to a policy pursuant to which the defendant distributed funds to student groups.  We conclude that because the challenged policy has been repealed and the plaintiffs have stipulated to having summary judgment entered against them on their as-applied

---

[*] The State University of New York at Albany, named as a defendant in the Verified Complaint, was voluntarily dismissed while this case was pending in the district court.

challenge, the case is moot, and we therefore lack jurisdiction to resolve the appeal.

Appeal dismissed; judgment vacated.

LEWIS B. OLIVER, JR., Oliver & Oliver (Gideon O. Oliver, of counsel), Albany, NY, for Appellant.

TOM MARCELLE, Albany, NY, for Appellees.

Per Curiam:

Defendant Student Association (the "SA") of the State University of New York at Albany ("SUNY-Albany") appeals from a decision of the United States District Court for the Northern District of New York granting summary judgment in favor of plaintiffs College Standard Magazine ("CSM"), a campus organization that publishes a politically conservative newspaper, and its founders, Jeffrey Barea and Julien Starr, on their challenge under the First Amendment to a policy pursuant to which the SA distributed funds comprising the proceeds of a mandatory student activity fee to student groups. The district court concluded that the policy was facially unconstitutional because it vested in the SA "unbridled discretion" to decide how to distribute the funds, thereby presenting an impermissible risk of viewpoint discrimination, and because unwritten guidelines allegedly employed by the SA in making funding decisions improperly implicated the viewpoint of putative recipients.

The plaintiffs were denied funding under the challenged policy in February of 2003. They initially challenged the policy

2

both facially and as-applied. After the district court ruled in their favor on the facial challenge, the plaintiffs stipulated to the entry of summary judgment against them on the as-applied challenge from which they cannot and have not appealed. Thus the plaintiffs have conceded, for present purposes, that they suffered no harm from the denial of funding to their organization under the challenged policy.

This appeal therefore concerns only the plaintiffs' facial challenge to the policy. But the funding policy challenged by the plaintiffs is no longer in place at SUNY-Albany. The SA amended its constitution in the Spring of 2003 to include regulations on funding that explicitly require viewpoint neutrality. The plaintiffs have made clear that this lawsuit does not challenge the new funding policy, and there is no indication that the former, challenged funding policy will be reinstated.

We are thus asked to consider the constitutionality of a funding policy that is no longer in effect, and that is not alleged to have caused the plaintiffs harm when it was in effect. This we cannot do. We are restricted to deciding "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue in the case before [us]." Local No. 8-6,

3

<u>Oil, Chem. and Atomic Workers Int'l Union, AFL-CIO v. Missouri</u>, 361 U.S. 363, 367 (1960) (internal quotation marks omitted).

There is no judgment we could issue here that could be effective. Even if we could enjoin the challenged policy now that it has been repealed, that is not the remedy the plaintiffs are currently seeking. In their stipulation, they have agreed that "with regard to the claim in the complaint that the defendant Student Association's policies for allocating mandatory student activity fee money to recognized student groups in effect on February 14, 2003 were unconstitutional on [their] face, the plaintiffs are entitled to an award of nominal damages in the amount of one dollar ($1.00) upon the [District] Court's determination set forth in the transcript of the Court's bench Decision." <u>See</u> Stipulation of Settlement and Order, <u>College Standard Magazine v. Student Ass'n of the State Univ. of N.Y. at Albany</u>, No. 03 Civ. 0505 (N.D.N.Y. Mar. 30, 2005), Doc. No. 107 (Feb. 2, 2007). The district court's judgment, from which the plaintiffs have not cross-appealed, similarly reflects that the parties stipulated to an amount of damages in the total sum of $1.00, without any mention of an injunction. And we could not order damages for any harm the policy inflicted on the plaintiffs because the as-applied challenge has been conceded. Any declaration that the policy was unconstitutional would be strictly advisory. <u>Cf.</u> <u>Hewitt v. Helms</u>, 482 U.S. 755, 761 (1987) ("The real value of the judicial pronouncement -- what makes it a

4

proper judicial resolution of a 'case or controversy' rather than an advisory opinion -- is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff.") (emphasis in original).

In light of the repeal of the challenged policy and the concession as to the as-applied challenge, we cannot issue a decision that would confer any relief to the plaintiffs and therefore lack jurisdiction over this appeal. See, e.g., Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) ("appeal must be dismissed" as moot where court cannot grant "'any effectual relief whatsoever'" (quoting Mills v. Green, 159 U.S. 651, 653 (1895)); see also Ky. Right to Life, Inc. v. Terry, 108 F.3d 637, 645 (6th Cir. 1997) (referring to "general rule that legislative repeal of a statute renders a case moot"); cf. City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982) (upholding justiciability of challenge to practice that City had voluntarily ceased but planned to reinstate).

The parties' failure to raise in their briefs the question of whether this appeal is moot for the foregoing reasons does not allow us to proceed despite the absence of a live case or controversy. "[W]e have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006); see also, e.g., Muhammad v. City of New York Dep't of Corr., 126 F.3d

119, 122-23 (2d Cir. 1997) (mootness is an issue of subject matter jurisdiction).

For these reasons, the appeal is dismissed as moot and the judgment of the district court is vacated.[1] "It is well-established that, when a matter becomes moot on appeal, federal appellate courts will generally vacate the lower court's judgment except where actions attributable to one of the parties rendered the appeal moot . . . ." Catanzano v. Wing, 277 F.3d 99, 108 (2d Cir. 2001) (internal quotation marks omitted). See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950); see also Van Wie v. Pataki, 267 F.3d 109, 115 (2d Cir. 2001) (explaining that vacatur "avoids giving preclusive effect to a judgment never reviewed by an appellate court" (internal quotation marks omitted)). Cf. Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 122 (2d Cir. 2001) (noting exception to general rule of vacatur where "appellant has caused the mootness").[2]

---

[1] Because we vacate the judgment of the district court on the basis of the mootness of the appeal, we need not determine whether this case was moot while it was pending before the district court, which it may have been. See concurring opinion of Calabresi, J. If it was, of course, we would also be required to vacate the district court's decision for that independent reason.

[2] The actions of the appellant SA did not cause the mootness. The challenged policy had already been repealed before the district court ruled on the facial challenge. Following that ruling, the parties stipulated to the entry of summary judgment against the plaintiffs on the as-applied challenge, thus effectively agreeing that the plaintiffs had suffered no harm from the policy. Cf. Russman, 260 F.3d at 122 ("[W]hen the

6

**CONCLUSION**

For the foregoing reasons, the appeal is dismissed for want of jurisdiction, and the district court judgment is vacated. The case is remanded to the district court and the court is directed to dismiss the Verified Complaint as moot.

---

appellee has caused the case to become moot, we vacate the district court's judgment to prevent the appellee from insulating a favorable decision from appellate review.").

CALABRESI, Circuit Judge, concurring:

I agree with everything substantive in the *per curiam* opinion[1] and join it in full. I add a few lines because I think it is worthwhile to point out that this case was in fact moot at the district court level.

In Spring 2003, the defendant Student Association abolished the challenged funding policy. In September 2005, the district court granted the Plaintiffs' summary judgment motion as to liability. In October 2006, the parties entered into the stipulation that—we have held—caused this case to become moot. Then, in February 2007, final judgment was entered, and the Student Association timely appealed.

The event which led us to find that this case is moot happened between the district court's grant of summary judgment and the entry of final judgment below. I write to underscore that even after summary judgment has been granted, if, before the entry of final judgment, something occurs that causes a case to cease to be an Article III case or controversy, that action becomes moot and should be dismissed forthwith. This is so because the "case-or-controversy requirement subsists through all stages of federal judicial proceedings," *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted); *see also Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001).

Moreover, the fact that the case was moot before the district court entered final judgment forecloses any possible claim by the Plaintiffs for attorneys' fees under 42 U.S.C. § 1988(b). "Whether [a plaintiff] can be deemed a 'prevailing party' in the District Court, even though its judgment was mooted after being rendered but before the losing party could challenge its validity on appeal, is a question of some difficulty."

---

[1] I would, however, for the sake of Latin, substitute "[*nostra*]" for "*sua*" in the quotation from *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *ante*, at 5.

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 483 (1990); *see also Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009) (answering the question in the affirmative and collecting other cases doing the same). But that question cannot arise in this case. "Since the judgment below is vacated on the basis of an event that mooted the controversy before the [district court's] judgment issued, [the Plaintiffs were] not, at that stage, . . . 'prevailing part[ies]' as [they] must be to recover fees under § 1988." *Lewis*, 494 U.S. at 483.