10-1650-cv
American Commercial Lines LLC v. Water Quality Ins. Syndicate

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
                REENA RAGGI,
                         *Circuit Judges*,
                MIRIAM GOLDMAN CEDARBAUM,
                         *District Judge.*[*]

---------------------------------------------------------------------
AMERICAN COMMERCIAL LINES LLC,
                         *Plaintiff-Appellee*,

                v.                                    No. 10-1650-cv

WATER QUALITY INSURANCE SYNDICATE,
                         *Defendant-Appellant*.
---------------------------------------------------------------------

APPEARING FOR APPELLANT:       JOHN M. WOODS (John R. Stevenson, *on the brief*), Clyde & Co. US LLP, New York, New York.

---

[*] District Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEE:  JOHN ANTHONY VINCENT NICOLETTI (William Matthew Fennell, *on the brief*), Nicoletti Hornig & Sweeney, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of jurisdiction.

Defendant Water Quality Insurance Syndicate ("WQIS") appeals from the district court's March 29, 2010 grant of partial judgment on the pleadings in favor of plaintiff American Commercial Lines LLC ("ACL"), determining the scope of WQIS's obligation under maritime pollution insurance policy number 40-27083 (the "Policy") to reimburse ACL for costs incurred investigating and defending against claims arising from a July 23, 2008 oil spill. WQIS submits that this court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a)(3), because the district court's interlocutory order determined the rights and liabilities of the parties in an admiralty case in which appeals from final decrees are allowed. "We have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte." College Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany, 610 F.3d 33, 35 (2d Cir. 2010) (brackets and internal quotation marks omitted). We conclude that because the district court's order did not conclusively determine the rights and liabilities of the parties, jurisdiction under § 1292(a)(3) is lacking, and the appeal must be dismissed.

2

Section 1292(a)(3) provides that the courts of appeals shall have jurisdiction of appeals from "[i]nterlocutory decrees of . . . district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." This provision "has its origins in the once common admiralty practice of referring the determination of damages to a master or commissioner after resolving the issue of liability." Becker v. Poling Transp. Corp., 356 F.3d 381, 387 (2d Cir. 2004). This grant of jurisdiction is construed narrowly, such that "jurisdiction under § 1292(a)(3) should only be exercised where the order at issue conclusively determines the parties' substantive rights and obligations." Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 280 (2d Cir. 2000) (emphasis added).

Review of the record in this case reveals that the district court's ruling did not conclusively determine the parties' rights and obligations, but rather only the scope of WQIS's contractual obligation under the terms of the Policy to reimburse ACL's investigation and defense costs. In its answer to ACL's complaint, WQIS asserted defenses which, if sustained, would require judgment in WQIS's favor, notwithstanding the district court's resolution of the meaning of the disputed Policy language in ACL's favor. See Answer at 7. Open questions therefore remain concerning the parties' ultimate rights and obligations.

Accordingly, appellate jurisdiction pursuant to § 1292(a)(3) over WQIS's appeal of

the district court's March 29, 2010 order is lacking.  The appeal is DISMISSED.

                                              FOR THE COURT:
                                              CATHERINE O'HAGAN WOLFE, Clerk of Court