10-2635-cv
Monroe Equities v. Village of Monroe

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of April, two thousand eleven.

PRESENT:
          RALPH K. WINTER,
          JOSEPH M. McLAUGHLIN,
          PETER W. HALL,
                    *Circuit Judges.*

---

MONROE EQUITIES LLC,
                    *Plaintiff-Appellant,*

          v.                                        No. 10-2635-cv

VILLAGE OF MONROE,
                    *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:          JAMES G. SWEENEY, Goshen, New York.

FOR DEFENDANT-APPELLEE:          CYNTHIA DOLAN, Ostrer Rosenwasser, LLP, Chester, New York.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Seibel, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED,**

1

**ADJUDGED, AND DECREED**, that plaintiff's appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED** in part.

In this dispute over property development, plaintiff Monroe Equities LLC appeals from the district court's dismissal of its 42 U.S.C. § 1983 complaint against defendant Village of Monroe on the ground that the claim was not ripe for review. On appeal, plaintiff argues principally that the district court erred in arriving at this determination because under New York law a landowner cannot obtain just compensation as a result of a regulatory taking. We assume the parties' familiarity with the underlying facts and procedural history of the case.

At oral argument, plaintiff and the Village clarified that pursuant to a final judgment of the Orange County Supreme Court dated August 20, 2009, the Village is precluded from enforcing its own regulations pertinent to this matter. *Monroe Equities, LLC v. Village of Monroe*, No. 995/2009, Judgment at 3 (N.Y. Sup. Ct. Aug. 20, 2009). That court's decision, which has not been appealed, was based on precedent holding that a municipality's power to regulate property is limited to the lands within its territorial limits. *Id.* Plaintiff apparently solicited and received a letter from the New York Attorney General's Office articulating that office's view that the affected municipality (here, the Village) is responsible for policing the watershed and interpreting and applying the New York Department of Health ("DOH") regulations. Letter of J. Gardner Ryan, Ass. Att. Gen. (Apr. 22, 2009), J.A. at 56. When defending the attack on its regulations, however, the Village did not argue to the supreme court that the Village was enforcing DOH regulations with respect to plaintiff's property that were worded identically to its own municipal regulations. Nor did the Village argue that the DOH had

2

delegated to the Village the authority to administer and enforce those DOH regulations. In that regard the court noted:

> Here, the defendant Village does not argue that the plaintiff's property is located within its territorial limits, or that there has been a valid delegation of authority to it to regulate the property. Rather, the defendant Village notes only that the relevant statutes grant it certain enforcement rights concerning the area, e.g., the defendant Village may inspect the watershed area to ascertain whether the relevant rules and regulations are being complied [sic], issue a violation notice if they are not, and seek penalties and other relief against violators provided certain conditions precedent are met (e.g., the local board of health fails to act) (see Public Health law §§ 1102, 1003).

In sum, insofar as concerns the arguments before us on this appeal, the issue decided squarely by the Orange County Supreme Court appears to have been the enforceability of the Village's own regulations. In light of that decision on the one hand and on-going collateral proceedings in the New York State Court of Claims on the other, plaintiff's appeal to us fails for two reasons.

First, given the unappealed Orange County Supreme Court decision, the Village's denial of plaintiff's application based on the Village's enforcement of its own regulations is of no present effect. J.A. at 56, 59. Thus, to the extent plaintiff's claim for just compensation can be read as one based on the Village's enforcement of its regulations with respect to plaintiff's property, this claim is moot. The appeal from the district court's dismissal of that claim must be dismissed. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)); *see also Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010).

Second, regarding plaintiff's claim that the Village's enforcement of applicable DOH regulations effects an uncompensated taking, on January 26, 2009, plaintiff filed in the court of

3

claims an action against the DOH under the New York Court of Claims Act and 42 U.S.C. § 1983, which the parties informed this Court at oral argument is still on-going. In that action plaintiff is advancing a just compensation claim rooted in the DOH regulations that plaintiff asserts are being applied by the Village to limit its use of its property. Because plaintiff's state claim for just compensation based on the ostensible enforcement of the DOH regulations has not been finally adjudicated, plaintiff's same claim in the district court based on the Village's authority to apply and enforce those DOH regulations (authority plaintiff submits in its arguments to us the DOH has properly delegated to the Village) is not ripe for review. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985); *see also Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 99 (2d Cir. 1992). Accordingly, although we ground our ripeness analysis in the on-going state court of claims proceedings, we affirm that portion of the district court's judgment dismissing plaintiff's DOH regulatory takings claim as unripe. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record."). [1]

---

[1] It is unclear from the text of the Orange County Supreme Court's decision whether that court's holding, precluding the Village from exercising authority over property within its watershed but outside the Village boundaries, applies only to the Village's enforcement of its own code provisions or would also be applicable to the Village's enforcement of the DOH regulations regarding the watershed if it can be shown that the Village has received properly delegated authority to regulate such property. We do not attempt to answer that question here, nor do we presume to suggest how that question should be answered. We do note, however, that the question may well need to be resolved in the New York State courts having jurisdiction over these matters, in either the court of claims or in the appropriate supreme court (*e.g.*, through further Article 78 proceedings), or in both fora, before a takings claim will be ripe for adjudication in the federal courts.

4

For the reasons stated, plaintiff's appeal is **DISMISSED** as moot insofar as plaintiff asserts the Village's application of the Village's regulations to the subject property constitutes a taking requiring just compensation.  The judgment of the district court dismissing as unripe plaintiff's claims that the Village's enforcement of the DOH regulations constitutes a taking requiring just compensation is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk