11-1590-cv
Germalic v. New York State Bd. of Elections Comm'rs

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

-----------------------------------------------------------------------

JAMES RICHARD GERMALIC,
                    *Plaintiff-Appellant*,

              v.                                      No. 11-1590-cv

NEW YORK STATE BOARD OF ELECTIONS
COMMISSIONERS,
                    *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:    James Richard Germalic, *pro se*, Parma, Ohio.

FOR APPELLEES:    Paul M. Collins, Deputy Special Counsel, New York State
                  Board of Elections, Albany, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 1, 2011, is AFFIRMED.

Plaintiff James Richard Germalic, who challenges the facial constitutionality of N.Y. Elec. Law § 6-140(1)(b) insofar as it requires circulators of candidate petitions to be state residents, appeals from the dismissal of his complaint for lack of standing. We review the challenged dismissal <u>de novo</u>, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences therefrom in Germalic's favor. <u>See</u> <u>Selevan v. N.Y. Thruway Auth.</u>, 584 F.3d 82, 88 (2d Cir. 2009). Further, because Germalic appears <u>pro se</u>, we construe his pleadings liberally to raise the strongest arguments they suggest. <u>See</u> <u>Hill v. Curcione</u>, 657 F.3d 116, 122 (2d Cir. 2011). In applying those principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court concluded that Germalic lacked Article III standing because his pleadings failed to establish that the Ohio resident's inability to get his name on the ballot in New York's 2010 election for United States Senator was not "fairly traceable" to the residency requirement. New York requires that a petition be supported by 15,000 signatures. <u>See</u> N.Y. Elec. Law § 6-142(1). Germalic submitted only 7,800 signatures, of which all but 1,336 were disqualified for unspecified reasons. Thus, the district court properly concluded that the complaint failed to plead facts establishing a plausible claim that Germalic's failure to have his name placed on the ballot was attributable to the challenged law.

2

We identify yet another jurisdictional defect in the complaint. See Scott v. Fischer, 616 F.3d 100, 105 (2d Cir. 2010) (noting that we may affirm district court's judgment on any basis apparent from record). Germalic admits knowing of the challenged residency requirement on or before August 17, 2010, the deadline for submitting the needed signatures. Nevertheless, he sought no declaratory judgment as to the requirement's constitutionality until November 1, 2010, the day before the election. By that time, there was no possibility of affording him effectual relief, and thus mootness also requires dismissal. See College Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany, 610 F.3d 33, 35 (2d Cir. 2010) (recognizing court's obligation to address mootness sua sponte because it pertains to jurisdiction). Germalic cannot avoid this conclusion by arguing that he intends to run for other offices in New York, rendering his claim capable of repetition but evading review. Such a vague statement of intent is insufficient to generate a justiciable controversy. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109 (1998) (holding that "allegations of future injury [must] be particular and concrete"). In any event, Germalic has failed to show that the courts could not afford him declaratory relief if he were to file a complaint within a reasonable time of the petitioning process for a particular election. See Favors v. Cuomo, 2012 WL 928223, at *1-2, (E.D.N.Y. Mar. 19, 2012), available at http://www.nyed.uscourts.gov (last visited April 3, 2012) (granting declaratory judgment in constitutional challenge to New York's congressional districts within approximately one month of three-judge court assignment).

We have considered Germalic's remaining arguments and conclude they are without merit.  The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court
