# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

**PRESENT:**

**DENNIS JACOBS,**
**GUIDO CALABRESI,**
**REENA RAGGI,**
*Circuit Judges.*

_____

**In Re: Kenneth Moxey,**

*Debtor*,

_____

**Kenneth Moxey,**

*Debtor-Appellant*,

**v.**                                                                                      **15-3042**

**Robert L. Pryor, et al.,**

*Appellees.*

_____

**FOR APPELLANT:**                          Kenneth Moxey, pro se, Valley Stream, NY.

**FOR APPELLEE PRYOR:** Justin Logan Rappaport, Esq.,
Pryor & Mandelup
Westbury, NY.

**FOR APPELLEE MPJM CRUSH
HOLDINGS, LLC; V-JAMA
HOLDINGS, LLC; MAAAS
ENTERPRISES, LP;
TUTHILL FINANCE LP:** Bruce L. Weiner, Esq.,
Rosenberg Musso & Weiner LLP
Brooklyn, NY.

**FOR APPELLEE TUTHILL** Bruce Minkoff, Esq.,
**FINANCE LP:** Robinowitz Cohlan Dubow & Doherty LLP
White Plains, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Appellant Kenneth Moxey, pro se, appeals from the district court's judgment affirming the bankruptcy court's denial of his request for a protective order limiting the scope of questioning at a deposition concerning whether an attorney assisted Moxey with his pro se filings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because mootness is a jurisdictional question, we have an obligation to address it. *Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010). Article III limits federal-court jurisdiction to "cases" and "controversies," which requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (internal

quotation marks and citations omitted). If at any point during the lawsuit, "an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, . . . the action can no longer proceed and must be dismissed as moot." *Id*. In other words, a "case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id*.

Moxey's appeal is moot. The underlying bankruptcy proceeding has concluded; a determination as to the scope of questioning would not matter because Moxey has already been questioned; since Moxey refused to answer the questions, there is no threat that his responses could lead to future litigation such that he was harmed by the bankruptcy court's decision not to grant the protective order; there is no order requiring him to submit to another deposition; and he is not threatened with sanctions for his refusal to respond. Accordingly, the issue whether Moxey was erroneously denied a protective order limiting the scope of the deposition is moot. We therefore lack jurisdiction over the appeal.

For the foregoing reasons, the appeal is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3