23-300
*Gokhvat Holdings LLC v. U.S. Bank National Association, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

GOKHVAT HOLDINGS LLC,

> *Plaintiff-Appellant*,

> v.                                                                23-300

U.S. BANK NATIONAL ASSOCIATION, Successor Trustee to Bank of America, National Association As Successor By Merger to LaSalle Bank NA As Trustee For Washington Mutual Mortgage PassThrough Certificates Wamu Series 2007OA4 Trust, BANK OF AMERICA NATIONAL ASSOCIATION, As Successor By Merger To LaSalle Bank NA As Trustee For Washington Mutual Mortgage PassThrough Certificates WAMU Series 2007 OA4 Trust,

> *Defendants-Appellees*.

_____

1

For Plaintiff-Appellant:                    ANTHONY R. FILOSA, Rosenberg Fortuna & Laitman, LLP, Garden City, NY

For Defendants-Appellees:           KYLE B. STEFANCZYK (Brian S. McGrath, *on the brief*), Hinshaw & Culbertson LLP, New York, NY and Edison, NJ

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Plaintiff-Appellant Gokhvat Holdings LLC ("Gokhvat") appeals from a judgment dated January 25, 2023, by the United States District Court for the Southern District of New York (Schofield, *J.*), dismissing Gokhvat's quiet title action, commenced pursuant to Article 15 of New York's Real Property Actions and Proceedings Law, on the basis of *Princess Lida* abstention, also known as the doctrine of prior exclusive jurisdiction. Gokhvat's complaint principally seeks the cancellation and discharge of a mortgage that, at the time the complaint was filed, encumbered the property at 20 West Street, 11H, New York, NY ("the Property"). Gokhvat purchased this Property during the course of a foreclosure proceeding in New York state court initiated by Defendant-Appellee U.S. Bank National Association, Successor Trustee to Bank of America, National Association As Successor By Merger to LaSalle Bank NA As Trustee For Washington Mutual Mortgage PassThrough Certificates Wamu Series 2007OA4 Trust ("U.S. Bank"),[1] the holder of the mortgage. That state court action has now resulted in a final judgment and foreclosure sale of the Property. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Bank of America National Association was not a plaintiff in the state court action and is jointly represented with U.S. Bank on this appeal. We thus refer to the Defendants-Appellees collectively as U.S. Bank.

It is axiomatic that federal courts are courts of limited jurisdiction so may only exercise jurisdiction over live cases or controversies. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). The case or controversy must remain "alive at all stages of judicial proceedings." *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991). This Court thus has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Coll. Standard Mag. v. Student Ass'n of the State Univ. of N.Y. at Albany*, 610 F.3d 33, 35 (2d Cir. 2010) (internal quotation marks and citation omitted). An appeal should be dismissed as moot "when, during the pendency of [the] appeal, events occur that would prevent the appellate court from fashioning effective relief . . . ." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) (citation omitted).

Here, Gokhvat seeks to quiet title as against U.S. Bank by having this Court "[c]ancel[] and discharg[e] the Mortgage . . . [and] [a]djudge[ ] the estate and interest of Plaintiff in the Premises to be free and clear from any estate, encumbrance, or other interest of Defendant [U.S.] Bank . . . ." JA 131. Gokhvat argues that because it was not a party to the foreclosure proceeding, "this quiet title action remains an actual and live controversy concerning the presence of record of a cloud – US Bank's mortgage – on the title of [its] property." Appellant's Letter Br. at 3. We disagree.

Even assuming *arguendo* that Gokhvat is not properly treated as a party to the foreclosure action, this case is moot because U.S. Bank, in the capacity in which it is sued here, no longer has any interest in the property or the mortgage. During the pendency of this appeal, U.S. Bank's interest was extinguished. While "a purchaser at a foreclosure sale, defective and void as against the owner of the equity of redemption, because he was not made a party to the foreclosure action, becomes assignee of the mortgage," *Barson v. Mulligan*, 191 N.Y. 306, 320 (1902), the mortgagee

3

does not retain an interest in the mortgage or the property.  Gokhvat's complaint thus seeks the cancellation of an interest that no longer exists.  Any action to quiet title with respect to the mortgage must now be brought against the current holder of any alleged interest.  Despite Gokhvat's many arguments to the contrary, this case is moot.

*     *     *

We have considered Gokhvat's remaining arguments and find them to be without merit. Accordingly, we DISMISS the appeal as MOOT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4