# United States Court of Appeals
## For the First Circuit

No. 24-1843

GABRIEL GARAVANIAN; TIMOTHY NIEBOR,

Plaintiffs, Appellants,

JOSE M. BRITO; JAN-MARIE BROWN; ROSEMARY D'AUGUSTA; BRENDA K.
DAVIS; PAMELA FAUST; CAROLYN FJORD; DON FREELAND; DONNA FRY;
YVONNE JOCELYN GARDNER; VALARIE ANN JOLLY; MICHAEL C. MALANEY;
LEN MARAZZO; LISA MCCARTHY; DEBORAH M. PULFER; BILL RUBINSOHN;
SONDRA K. RUSSELL; CLYDE D. STENSRUD; GARY TALEWSKY; PAMELA S.
WARD; CHRISTINE WHALEN; HARRY GARAVANIAN; KATHERINE R. ARCELL;
JUNE STANSBURY,

Plaintiffs,

v.

JETBLUE AIRWAYS CORPORATION; SPIRIT AIRLINES, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Montecalvo, Aframe, Circuit Judges,
and Vélez-Rivé,[*] District Judge

Stephen G. Larson, with whom S. Gregory Herrman and Larson,
LLP were on brief, for appellants.

---

[*] of the District of Puerto Rico, sitting by designation.

Elizabeth M. Wright, with whom Kathleen S. O'Neill and Cooley, LLP were on brief, for appellees.

_____

August 21, 2025

_____

**VÉLEZ-RIVÉ, District Judge**. Appellants Gabriel Garavanian ("Garavanian") and Timothy Niebor ("Niebor"), together with twenty-three other plaintiffs ("Consumer-Plaintiffs"), brought a case under Section 7 of the Clayton Act, 15 U.S.C. § 18, to enjoin a proposed merger between Appellees JetBlue Airways Corporation ("JetBlue") and Spirit Airlines, Inc. ("Spirit").[1] Several months later, the United States Department of Justice ("DOJ"), joined by six states and the District of Columbia ("plaintiff-states"), filed their own lawsuit challenging the merger (the "DOJ case"). Both cases were overseen by the same district judge, but the DOJ case went to trial first. The district court found that the proposed merger violated the Clayton Act and permanently enjoined the action. Then, the case was dismissed as moot. Based on the outcome of the DOJ case, Appellants claim they are prevailing parties and hence entitled to attorneys' fees under Section 16 of the Clayton Act, 15 U.S.C. § 26. The district court

---

[1] On December 6, 2024, Spirit requested this appeal be stayed pending the resolution of its bankruptcy proceedings in the Southern District of New York. This court granted a temporary stay of sixty days. In March 2025, Spirit informed this court that the bankruptcy proceedings had concluded, requested that the present appeal move forward, notified it would not file a separate brief and requested instead that it be allowed to join the response brief already filed by JetBlue. This court granted Spirit's request to join in the brief of JetBlue. See Order, Garavanian, et. al. v. JetBlue Airways Co., et. al., No. 24-1534 (1st Cir. Mar. 19, 2025). In the interest of clarity, we refer to JetBlue and Spirit collectively as "Defendant Airlines".

found they were not prevailing parties and thus not eligible to an award for fees and costs.  We affirm.

## I.

In November 2022, the Consumer-Plaintiffs originally filed this suit under Section 7 of the Clayton Act in the District Court for the Northern District of California in opposition to the proposed merger between JetBlue and Spirit.  In March 2023, the DOJ, together with six states and the District of Columbia, filed a separate complaint in the District Court for the District of Massachusetts to enjoin the transaction.  The Consumer-Plaintiffs' case was then transferred to the District Court for the District of Massachusetts and assigned to the same judge overseeing the DOJ case.  The cases ran a parallel course discovery-wise, but they were not consolidated.

The Defendant Airlines moved for summary judgment against the Consumer-Plaintiffs, arguing they lacked standing to bring the case.  The district court found that only Garavanian and Niebor had standing as they were "the type of persons the law intends to protect against the harm of which [they] complain." The district court dismissed the other plaintiffs, who appealed the dismissal.

The Consumer-Plaintiffs had already moved to consolidate their case with the DOJ case, arguing that both cases involved common parties, common issues of law and fact, and that

consolidation was in the best interest of both the court and the parties. The DOJ and plaintiff-states opposed the consolidation. The merging parties also opposed the consolidation. The district court denied the request to consolidate and tried the DOJ case first.

After a bench trial on the merits, the district court found the proposed merger violated Section 7 of the Clayton Act and permanently enjoined the Defendant Airlines from carrying out the proposed transaction. United States v. JetBlue Airways Corp., 712 F. Supp. 3d 109 (D. Mass. 2024). The district court stated in its conclusion, "[t]o those dedicated customers of Spirit, this one's for you." Id. at 164. The Defendant Airlines appealed the decision only to subsequently abandon the merger and voluntary dismiss the appeal. See J. United States v. JetBlue Airways Corp., No. 24-1092, 2024 WL 3491184 (1st Cir. Mar. 5, 2024).

As a result thereof, the Defendant Airlines moved to dismiss the appeal brought by the twenty-two plaintiffs who had been dismissed for lack of standing. This Court dismissed the appeal as moot in light of the district court's entry of judgment enjoining the merger. See J. Arcell v. JetBlue Airways Corp., No. 23-1897, 2024 WL 1878171 (1st Cir. Apr. 29, 2024). Pursuant to this court's mandate, the district court then dismissed Garavanian and Niebor's case as moot.

One month later, Garavanian and Niebor, who following the injunction in the DOJ case, had sought leave to move for summary judgment on collateral estoppel grounds, filed a motion for attorneys' fees and costs pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, and Fed. R. Civ. P. 54(d). In support thereof, they argued they were "prevailing parties" in the litigation against the Defendant Airlines. Their position was that their work substantially contributed to the DOJ's success in enjoining the merger, including evidencing the harm the public would undergo if the merger was allowed to succeed. Garavanian and Niebor proffered they were precisely those "dedicated customers of Spirit" whom the district court based its decision on. The district court denied their request in a one-line order entered directly on the record finding that "[t]he plaintiff's motion is denied because in no sense were any of the plaintiffs a 'prevailing party' in this action." Unsatisfied with said result, Garavanian and Niebor lodged the present appeal.

## II.

This Court reviews a determination of a "prevailing party" status de novo. Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8 (1st Cir. 2011); Smith v. Fitchburg Pub. Schs., 401 F.3d 16, 21 (1st Cir. 2005).

Fee-shifting statutes represent a departure from the traditional norm that each litigant bears its own counsel's fees

and costs.  See Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010).  The relevant fee-shifting provision here is Section 16 of the Clayton Act, 15 U.S.C. § 26.  The provision states in part that "[i]n any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff."  15 U.S.C. § 26.

Appellants argue they are eligible for fees and costs pursuant to this provision.  The question before us is whether Appellants, "although perhaps accomplishing what [they] sought to achieve by the lawsuit," Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 605 (2001), can be considered a party that "substantially prevailed" when their case did not go to trial on the merits.

Under Buckhannon's test, to determine whether a party can be considered a prevailing party, it must show a "material alteration of the legal relationship of the parties," 532 U.S. at 604 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)), and a "judicial imprimatur on the change."  Id. at 605.

Appellants contend that this test is not "appropriate" to determine whether a party substantially prevailed under Section 16 of the Clayton Act, 15 U.S.C. § 26.  Appellants argue that Buckhannon considered the Fair Housing Amendments Act of 1988 and

the Americans with Disabilities Act of 1990 and that "no court has ever successfully applied Buckhannon to the Clayton Act." Appellants assert that we should instead look to the plain language of the Clayton Act, congressional intent, Supreme Court antitrust precedent, and public policy to determine whether a party is substantially prevailing.

Our court, however, has routinely held that "[t]he Supreme Court set the general standards for defining the term 'prevailing party' in federal attorneys' fees-shifting statutes in Buckhannon" and that the "reasoning in 'Buckhannon is presumed to apply generally to all fee-shifting statutes that use the prevailing party terminology.'" Aronov v. Napolitano, 562 F.3d 84, 88-89 (1st Cir. 2009) (quoting Smith 401 F.3d at 22 n.8); see also J.S. v. Westerly Sch. Dist., 910 F.3d 4, 10 n.1 (1st Cir. 2018) ("We generally interpret the term of art 'prevailing party' consistently across the federal fee-shifting statutes that use that phrase."); Me. Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 14 (1st Cir. 2003) ("Because this provision employs the phrase 'prevailing party' -- a term of art -- it must be interpreted and applied in the same manner as other federal fee-shifting statutes that use the same phraseology."); Hutchinson ex rel. Julien, 636 F.3d at 8 ("The concepts that shape the term [prevailing party] apply broadly to the entire universe of federal fee-shifting statutes."); Doe v. Boston Pub. Sch., 358 F.3d 20, 25 (1st Cir.

2004) ("The Buckhannon court used 'prevailing party' as a legal term of art (meaning 'a party in whose favor a judgment is rendered') to be interpreted consistently across fee-shifting statutes.") (quoting Buckhannon, 532 U.S. at 603).

Consistent with this principle, we have applied Buckhannon in numerous and varied statutory contexts. See Avdeeva v. Tucker, 138 F.4th 641, 645-48 (1st Cir. 2025) (applying Buckhannon to determine whether parties are "prevailing" under the Equal Access to Justice Act, 28 U.S.C. § 2412); J.S., 910 F.3d at 9-11 (applying Buckhannon to determine whether parties are "prevailing" under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B)(i)); Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 164 & n.9 (1st Cir. 2007) (applying Buckhannon to determine whether parties are "prevailing" under the Copyright Act's fee-shifting provision "[d]espite the significant differences between the Copyright Act's fee-shifting provision, 17 U.S.C. § 505, and similar provisions in a variety of civil rights statutes"); Diffenderfer v. Gómez-Colón, 587 F.3d 445, 453 (1st Cir. 2009) (applying Buckhannon to determine whether parties are "prevailing" in a civil rights action under 42 U.S.C. § 1988(b)).[2]

---

[2] Other courts that have addressed whether a party substantially prevailed under Section 16 of the Clayton Act have similarly applied Buckhannon. See O'Bannon v. Nat'l Collegiate

In keeping with this approach, we apply Buckhannon here to determine whether Appellants are a prevailing party under Section 16 of the Clayton Act.[3] Under the Buckhannon test, "[t]o be a prevailing party, a party must show both a 'material alteration of the legal relationship of the parties,' and a 'judicial imprimatur on the change.'" Aronov, 562 F.3d at 89 (emphasis added) (quoting Buckhannon, 532 U.S. at 604-05). A plaintiff's failure to establish one of these requirements is fatal to the claim. We can resolve the issue presented here by focusing on judicial imprimatur.

To establish whether there is a sufficient judicial imprimatur, we look to "the level of court involvement in the parties' changed relationship." Suárez-Torres v. Panadería Y Repostería España, Inc., 988 F.3d 542, 552 (1st Cir. 2021). The Supreme Court in Buckhannon identified two outcomes that satisfy

_____

Athletic Ass'n, 739 F. App'x 890, 892-95 (9th Cir. 2018); Saint Alphonsus Med. Center-Nampa Inc. v. St. Luke's Health Sys., Ltd., Civil No. 12-00560, 2015 WL 2033088, at *1 (D. Idaho, April 29, 2015).

[3] Appellants separately contend that they qualify as prevailing parties under the so-called catalyst theory. The theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Buckhannon, 532 U.S. at 601. The Supreme Court in Buckhannon rejected the catalyst theory because it "allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605. We therefore see no basis for applying the test here. See id. at 610; see also Doe, 358 F.3d at 24 ("Buckhannon's prohibition on catalyst theory-based fee-shifting applies expansively.").

the judicial imprimatur requirement: (1) "judgments on the merits" and (2) "settlement agreements enforced through a consent decree." Id. at 604; see also Smith, 401 F.3d at 23. As Appellants do not assert that they are beneficiaries of a court-ordered settlement, we consider only whether the district court's resolution of Plaintiff's case constitutes a judgment on the merits. See Smith, 401 F.3d at 24 ("[Plaintiff] [did] not argue that the order dismissing her case is the functional equivalent of a consent decree, and thus we deem that argument waived.").

Here, the district court dismissed Appellants' case as moot. The district court made this determination in light of its entry of judgment in the DOJ case, which permanently enjoined the merger. The dismissal of Appellants' claim as moot is, by definition, not a judgment on the merits of Appellants' claim. See MOAC Mall Holdings LLC v. Transform Holdco LLC, 598 U.S. 288, 295 (2023) (stating that a case is deemed "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)); Diffenderfer, 587 F.3d at 451 (explaining that when a case is deemed moot, "we lack jurisdiction to decide its merits."). In dismissing the case as moot, the district court did not weigh or evaluate the merits of Appellants' claims in any way. See Farrar v. Hobby, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially

alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") (emphasis added). We therefore conclude that the district court's dismissal of Appellants' case did not bear a sufficient judicial imprimatur to qualify Appellants as "prevailing parties" under Section 16 of the Clayton Act.

This determination is consistent with this circuit's case law as well as the Supreme Court's holding in Buckhannon. In Diffenderfer, we noted that "a plaintiff cannot be a 'prevailing party' when his lawsuit prompted a favorable legislative outcome but had produced no judicial decision at the time the legislation mooted the case." 587 F.3d at 453-54. Likewise, in Buckhannon, the Supreme Court made clear that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." See 532 U.S. at 605; see also Aronov, 562 F.3d at 92-93 ("A plaintiff does not become a prevailing party if the court merely recognizes what the [defendant] has voluntarily agreed to [do] ...." (citing Smith, 401 F.3d at 27); see also Hutchinson, 636 F.3d at 9 (same). Here, while it is debatable whether the parties' abandonment of the transaction was voluntary, the injunction and subsequent abandonment all occurred before Appellants' trial began. The merging parties' change in conduct, specifically, the decision to call off the transaction, "although

perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," was simply not the result of a judgment on the merits of Appellants' case.  Buckhannon, 532 U.S. at 605.  It thus "lacks the necessary judicial *imprimatur*" to conclude Appellants are prevailing parties under Section 16 of the Clayton Act.  Id. at 605; see also Aronov, 562 F.3d at 89 ("[M]ere success in accomplishing a party's objectives is insufficient to be a prevailing party for a fee award.") (citing Buckhannon, 532 U.S. at 606).

Appellants nonetheless contend that they satisfy the judicial imprimatur requirement.  They first argue the judgment entered in the DOJ case was a final judgment on the merits for which they were intended beneficiaries.  They separately argue that the district court's dismissal of their case as moot evinced a sufficient judicial imprimatur.

As for the first argument, while we agree that the DOJ and plaintiff-states received a judgment on the merits, that judgment did not run to Appellants.  To the contrary, the DOJ and plaintiff-states tried the case and the court entered the injunction in the DOJ and plaintiff-states' favor. Appellants did not obtain relief in their own case.  Farrar*,* 506 U.S. at 111-12 (concluding that "a plaintiff 'prevails'" when the plaintiff achieves "actual relief on the merits of his claim.").

To the extent Appellants contend that they were expressly named as the direct beneficiaries of the injunction, this claim appears to rest on a stray statement in the district court's order: "To those dedicated customers of Spirit, this one's for you." JetBlue Airways Corp., 712 F. Supp. 3d at 164. We do not interpret this statement as designating Appellants to be intended beneficiaries of the DOJ and plaintiff-states' injunction. That conclusion is clear from the very next line where the court rhetorically states, "Why? Because the Clayton Act, a 109-year-old statute requires this result -- a statute that continues to deliver for the American people." Id. The comment by the district court was a general reference regarding consumers writ large, and not a specific reference to Appellants that was intended to have legal effect.[4]

We are similarly unpersuaded by Appellants' argument that a dismissal on mootness grounds bears sufficient judicial imprimatur. As we already explained, the district court's decision

---

[4] Appellants appear to argue that the district court in expressly identifying them as beneficiaries of the injunction, "granted them the right and standing as a matter of law to enforce the injunction" pursuant to Rule 71 of the Federal Rules of Civil Procedure, which states "[w]hen an order grants relief for a nonparty . . ., the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. For the reasons we explain above, we do not understand the district court to have identified Appellants as non-party beneficiaries of the injunction.

to dismiss Appellants' case as moot does not constitute the requisite judgment on the merits required under Buckhannon.

In sum, the Supreme Court "ha[s] not awarded attorney's fees where the plaintiff . . . acquired a judicial pronouncement that [a] defendant has violated the [law] unaccompanied by 'judicial relief.'" Buckhannon, 532 U.S. at 606 (quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987)). That is precisely the situation in this case. Appellants obtained no judgment on the merits in their case and are not beneficiaries of the court's injunction. Instead, the relief was obtained by the DOJ and plaintiff-states in their own case. With that, we need not address whether there was a "material alteration of the legal relationship of the parties." Buckhannon, 532 U.S. at 604. Appellants have not demonstrated they are prevailing parties and the award they seek is not warranted. See Suárez-Torres, 988 F.3d at 555 (affirming district court's refusal to award fees where appellants "failed to demonstrate the requisite judicial imprimatur on that outcome to make them prevailing parties"); Torres-Negrón, 504 F.3d at 164 (affirming district court's refusal to award fees to a plaintiff who "[could not] qualify as a prevailing party because it ha[d] not received a judgment on the merits").

### III.

For the foregoing reasons, we **affirm**.